Application of Paul MENNELLI for Writ of Mandamus.

No. A–12675.

Criminal Court of Appeals of Oklahoma.

Nov. 5, 1958.

Paul Mennelli, pro se.

Mac Q. Williamson, Atty. Gen., J. Howard Edmondson, County Atty., Tulsa County, Ted Flanagan, Asst. County Atty., Tulsa, for respondent.

BRETT, Presiding Judge.

This is an original proceeding in mandamus brought by Paul Mennelli, petitioner pro se, whereby he seeks an order requiring the District Court of Tulsa County, Oklahoma, to cause to be prepared and filed with this Court forma pauperis a casemade of the proceedings in a trial in said court wherein he was convicted of the crime of burglary in the second degree, second and subsequent offense, on May 9, 1958, and was sentenced to serve a term of twenty years in the state penitentiary. He alleges that he was denied a fair and impartial trial, the conviction was the result of prejudice, and the evidence does not support the charge of burglary upon which the information was based, and he is without funds with which to pay costs of said appeal.

To the petition, the State of Oklahoma through the County Attorney of Tulsa County, Oklahoma, filed a verified response in which it is admitted that the petitioner was convicted as alleged in the petition. It is further alleged he was fairly and justly tried during all of which proceedings he was represented by Charles C. Liebler, a qualified private attorney of his own choice who is also one of the Judges of the Municipal Court of the City of Tulsa. It is further alleged that the facts in the case disclosed that this petitioner had broken into the Boston Inn about 1:30 a. m. on March 6, 1958, and was discovered therein while breaking open an automatic phonograph, and was observed in said act by the police, who sought to place him under arrest. The petitioner attempted to escape and was shot with a shot gun and was apprehended and arrested about a block away, bleeding from shot gun wounds in his neck and arms. It is further asserted the record would reveal that he was positively identified

by the police officers who apprehended him in the act of committing the burglary. Moreover, it is alleged the record would reveal several prior felony convictions which were established by competent proof.

The petitioner testified in his own behalf, contrary to the advice of counsel, denying his identity and commission of the crime alleged, explaining the gun shot wounds as a result of a difficulty arising out of a gambling game, but he refused to divulge the location and names of his fellow gamblers. The petitioner admitted convictions for burglary in Oklahoma County and other convictions in Minnesota for grand larceny and burglary under the name of Leonard David Munnel, for which he had served penitentiary sentences. The jury returned a verdict of guilty and left the matter of sentencing to the trial court, who, after full consideration of the long criminal record of the petitioner, sentenced him as a second and subsequent offender to twenty years in the state penitentiary. Thereafter, his private counsel withdrew from the case, whereupon a motion was filed by the petitioner for casemade forma pauperis. The trial court appointed Honorable Fred Woodson attorney for the petitioner, and after full and complete hearing thereon, overruled said motion. It is further alleged in said response that the petition is defective for the reason it does not affirmatively appear he does not have money or property or relatives having the same to assist him and that counsel cannot make up a statement of evidence from memory.

The relief herein sought is under the provisions of 22 O.S.1951 § 1061 and 20 O.S.1951 § 111. This Court has repeatedly held that the matter of granting or refusing casemade forma pauperis is a matter within the sound judicial discretion of the trial court and his discretion will not be reviewed unless it appears that it was arbitrarily used or abused. Harris v. State, 10 Okl.Cr. 417, 137 P. 365, 139

P. 846; In re Enslinger, Okl.Cr., 301 P.2d 372. In these two cases it is further held that in addition to alleging that he is without funds to perfect said appeal or provide security therefor, it must affirmatively appear that he has no property of any kind and that he has no relatives willing to assist him or that his attorney who represented him is unable to make up a transcript from memory. These allegations are entirely lacking in the petition herein. Harris v. State, supra, with reference to the latter requirement as to the ability of counsel to make the casemade from memory, contains this interesting delineation by the late Judge Furman, which is applicable to the facts herein [10 Okl.Cr. 417, 137 P. 369]:

"Upon the authority of Jeffries v. State, 9 Okl.Cr. 573, 132 P. 823, the action of the trial court must be sustained. For in the Jeffries case it was expressly stated that, where a defendant had been able to employ lawyers to defend him, if for any reason the stenographer's notes could not be obtained, then it was the duty of such lawyers to use their best exertion to make up a case-made from memory, and, if they failed to do so, the defendant would be held responsible for this neglect of duty on their part. Also, see Dobbs v. State, 5 Okl.Cr. 475, 114 P. 358, 115 P. 370. The writer of this opinion practiced law many years in Texas before court stenographers were known in that state, and when, under the law, the evidence had to be written out as a matter of memory by the attorneys and filed in court within ten days from the adjournment of the term of court. The writer never had the least difficulty in preparing his statements of the evidence in his cases, and he knows from personal experience that it can easily be done. In fact he seriously doubts if the employment of court stenographers is at all necessary either in the administration of justice or

41

to the development of lawyers. It has a tendency to breed carelessness .on their part; but, be this as it may, the trial court has a large discretion as to when to order the stenographer's notes to be extended without expense to a defendant, and this discretion will not be reviewed, unless it clearly appears from the record that it was arbitrarily used or abused."

This record does not disclose an arbitrary use of power or abuse of discretion. The writ is accordingly denied.

POWELL and NIX, JJ., concur.