Carl EMERSON, Petitioner,

v.

Joe D. SHUMATE, Judge of the District Court of Garvin County, State of Oklahoma, Respondent.

No. A–13363.

Court of Criminal Appeals of Oklahoma.

March 27, 1963.

Sam J. Goodwin, Carroll J. Bowie, Pauls Valley, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Ass't. Atty. Gen., Hildred Meinders, County Atty., Garvin County, Pauls Valley, for respondent.

JOHNSON, Judge.

Carl Emerson seeks an order from this Court requiring the Judge of the District Court of Garvin County, Oklahoma to furnish a casemade in case No. 3095 in said court, at the expense of the county.

The applicant was charged by information in the district court of Garvin County with the crime of murder. He was found guilty by a jury of the crime of manslaughter, first degree, and sentenced to a term of eight years in the State Penitentiary. His motion for a new trial was overruled and he gave notice of his intent to appeal to the Court of Criminal Appeals of the State of Oklahoma. At this time an appeal bond in the amount of $10,000 was fixed and this bond has been filed with the Court Clerk of Garvin County.

On March 5, 1963 the applicant filed his application for casemade at expense of the county, and after hearing the evidence the District Court of Garvin County denied his application. Thereupon he filed his application for a writ of mandamus in this Court.

This Court has ruled many times that:

"Petition for mandamus for casemade forma pauperis must allege that petitioner is without funds to perfect said appeal or provide security therefor, and it must affirmatively appear that he has no property of any kind and that he has no relative willing to assist him or that his attorney who represents him is unable to make up a transcript from memory."

Re Application of Mennelli for Writ of Mandamus, Okl.Cr., 332 P.2d 38; Brogdon v. State, 38 Okl.Cr. 269, 260 P. 784; 20 O.S.1961 § 111.

The trial court in its wisdom felt that the evidence presented in the hearing of

application for casemade at the expense of the county was not sufficient to support the aforementioned requirement. However, it is the feeling of this Court that Judge Barefoot best stated the thinking of this Court in Gaines v. State, 61 Okl.Cr. 8, 65 P.2d 422, when he said: "No fixed rule ought to be established", and each case should speak for itself.

The applicant and his attorney both stated that he had no money to pay for this transcript; that he had no property and his only source of income was from his Social Security check in the amount of $96 per month, this amount being used in its entirety for living expenses each month. They further testified that his son would not send money and that one of his sisters, although her family or husband had money, would not pay for this transcript. The other sister and her family, by their testimony, were unable to pay anything for the transcript, and finally the people who had signed his appearance bond could not or would not supply the money needed for this casemade. The attorney further stated he had received no attorney fee, and that he had paid for the preparation of the transcript of the district court hearing, and also for the filing of this application before this Court.

It would appear that although the applicant might not have pursued the possibilities of a relative paying for this casemade to its conclusion, his attorney certainly did, and found no one interested in helping or paying for a transcript.

Finally, this attorney testified he would be unable to reproduce from memory the proceedings of the trial. Thus this applicant would seem to be barred from appealing to this Court, because he cannot afford to have a casemade prepared, and because of the inability of his attorney to prepare from memory his statement of the testimony.

It is the feeling of this Court that no one should be denied his right of appeal, and that clearly this applicant and his

counsel have fulfilled the requirements set down by this Court many times in that a petition for mandamus for casemade forma pauperis must allege that petitioner is without funds to perfect said appeal or provide security therefor, and it must affirmatively appear that he has no property of any kind and that he has no relatives willing to assist him or that his attorney who represented him is unable to make up a transcript from memory. Re Application of Mennelli, supra; Stokes v. State, Okl.Cr., 355 P.2d 1005; Jeffries v. State, 9 Okl.Cr. 573, 132 P. 823; Brogdon v. State, supra.

For the above reasons, the writ of mandamus was granted, and the district court of Garvin County ordered to make available to this applicant a casemade at the expense of said County.

BUSSEY, P. J., and NIX, J., concur.