**Lewis Gordon BREWER, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–709.**

Court of Criminal Appeals of Oklahoma.

March 19, 1975.

Warren H. Crane, Lawton, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jahn D. Rohrer, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Lewis Gordon Brewer, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Comanche County, Case No. CRF–73–822, for the offense of Concealing Stolen Property. His punishment was fixed

at a term of two (2) years in the State penitentiary and a Five Hundred ($500.00) dollar fine. From said judgment and sentence a timely appeal has been perfected to this Court.

Defendant's sole proposition of error asserts the trial court erred in not appointing him an attorney for his preliminary hearing, his trial, and this appeal.

The record reveals that prior to the preliminary hearing the defendant requested the magistrate to appoint him an attorney because he was unable to afford one. The magistrate refused and the defendant's preliminary hearing was held without the assistance of counsel. Between the preliminary hearing and defendant's trial, the defendant again requested the court appoint him an attorney. This request was refused and the defendant was tried without counsel. The record further reveals that the trial court refused to appoint defendant an attorney for the purpose of this appeal. Defendant's appeal was perfected by Warren H. Crane, a practicing attorney in Lawton, Oklahoma. In an affidavit attached to defendant's brief Mr. Crane has stated:

"I have known Lewis Gordon Brewer for many years and have brought this appeal without compensation or expectation of compensation from the said Lewis Gordon Brewer or from anyone in his behalf. I have personally borne the expenses of this appeal, including the costs of the transcript and costs deposit."

The record further reveals that defendant has remained on bond throughout his entire trial and now while his case is on appeal. Also attached to defendant's brief is an affidavit from defendant's bondsman wherein the bondsman states:

"I am acquainted with Lewis Gordon Brewer and have known him for many years. I made his bond when he was charged with concealing and withholding stolen property and stayed on his bond through the trial and am now on his bond for the appeal. I have not received any money or thing of value from Lewis Gordon Brewer for this service or from any person in his behalf. I have made these bonds because I know Lewis Gordon Brewer to be seventy-three years of age, unemployed and existing on social security income of less than $100.00 per month plus what he can make as a small time gambler."

The record further reveals that the defendant's sole source of income is an $85.-20 social security check and a small amount of money made as a small time gambler. Defendant's only other assets were "two three-dollar lamps," (Tr. 6) and a 1968 Dodge automobile which was heavily mortgaged.

In the case of McCraw v. State, Okl.Cr., 476 P.2d 370 (1970), this Court held in Syllabi 1 and 2:

"A defendant need not be absolutely destitute to qualify for court appointed counsel. Rather when defendant lacks the financial resources which would allow him to retain a competent criminal lawyer at the particular time he needs one, he is entitled to appointed counsel.

"A defendant should not be forced or induced to abandon a meritorious claim or legal right in order to spare himself and family complete destitution."

Also see, Anaya v. Baker, 427 F.2d 73 (10th Cir. 1970) and cases cited therein, and Adkins v. E. I. Dupont de Nemours & Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948).

The record further reveals that the defendant was charged with a felony arising out of the same transaction, as in the instant case, in the United States District Court for the Western District of Oklahoma. The Federal trial court found that the defendant was an indigent for purposes of appointment of counsel, and appointed defendant an attorney to represent him on the Federal charge.

It is therefore our opinion, based on the record before us and the above cited authority, that the defendant did qualify for court appointed counsel and it was an abuse of discretion to refuse to appoint him coun-

sel resulting in the defendant being denied a fair trial.

Therefore, this cause is reversed and remanded with instruction to appoint the defendant counsel, if his financial status has not changed, and grant him a new preliminary hearing and a new trial.

BRETT, P. J., and BLISS, J., concur.