Richard W. PENNY, Sr., Petitioner,

v.

The STATE of Oklahoma ex rel. the Honorable Robert EDMISTON, Special Judge of the District Court of Tulsa County, Oklahoma, Respondents.

No. O–76–142.

Court of Criminal Appeals of Oklahoma.

March 11, 1976.

---

## ORDER ASSUMING ORIGINAL JURISDICTION, DENYING PETITION FOR WRIT OF MANDAMUS AND VACATING STAY ORDER

Pursuant to order of this Court entered the 25th day of February, 1976, there comes on for hearing on this 9th day of March, 1976, Petition for Writ of Mandamus in which petitioner asks this Court to issue Writ of Mandamus ordering and directing the respondent trial judge to direct the State of Oklahoma to pay for and furnish petitioner as defendant in the case of *State of Oklahoma v. Richard W. Penny, Sr.*, Case No. TR–75–6150, transcripts of said proceedings at public expense; the parties appearing as follows: Petitioner by Mr. James O. Goodwin, of Goodwin & Goodwin, Tulsa, his attorney, and respondent, the Honorable Robert Edmiston, Special Judge of the District Court of Tulsa County, by Kenny V. Cunningham, Asst. Dist. Atty., Tulsa. The parties announce ready.

This Court finds that it should, and does hereby, assume original jurisdiction and proceeds to dispose of the petition as follows:

On the 27th day of October, 1975, in the District Court of Tulsa County, Case No.

TR–75–6150 the petitioner was adjudged guilty by jury verdict for the offense of Driving While Under the Influence of Intoxicating Liquor in violation of 47 O.S. 1971, § 11–902 and pursuant thereto was sentenced to serve ten (10) days in the county jail and pay a fine of Two Hundred Dollars ($200.00). On the 28th day of October, 1975, petitioner filed a Motion for New Trial, Notice of Intent to Appeal and Designation of Record, whereafter the Motion for New Trial was overruled on the 21st day of November, 1975. Petitioner was advised by the court reporter, Joe Welsch, that the cost of the transcript in said proceedings would be approximately Two Hundred Dollars ($200.00) and that if paid on or before the 27th day of January, 1976, that the court reporter would have said transcript ready on or before the 26th day of February, 1976, the final day on which to perfect an appeal to this Court. Thereafter on the 2nd day of February, 1976, petitioner made application to the District Court of Tulsa County for transcript at public expense of proceedings in Case No. TR–75–6150; whereupon hearing, the District Court denied the application on the 4th day of February, 1976. Petitioner now requests this Court to order the State of Oklahoma to pay for transcript of the proceedings in Case No. TR–75–6150 upon the grounds that petitioner is unable to pay the cost of the transcript and thus enable the petitioner to proceed by way of application for post conviction relief.

■ One's "financial inability" to pay for a transcript is a prerequisite determination for the granting of a transcript at public expense and must be made on a case by case basis. Commenting upon a petitioner's application for casemade at public expense this Court in *Gaines v. State*, 61 Okl.Cr. 8, 65 P.2d 422 (1937) said "No fixed rule ought to be established," and in *Emerson v. Shumate*, Okl.Cr., 380 P.2d 548 (1963) said "each case should speak for itself." The statutory authority for the granting of

transcript at public expense in criminal proceedings is found in 20 O.S.Supp.1975, § 106.4 which in pertinent part states:

"In a criminal action, if the defendant shall present to the judge his affidavit that he intends in good faith to take an appeal in the case and that a transcript of the reporter's notes is necessary to enable him to prosecute the appeal, *and that he has not the means to pay for the transcript, the court, upon finding that there is reasonable basis for the averment, shall order the transcript made at the expense of the county court fund.*" (Emphasis added)

Thus the limited issue for resolution in this petition is whether or not the District Court of Tulsa County upon the hearing held on the petitioner's application for transcript at public expense was presented with sufficient evidence to establish a "reasonable basis" to support the petitioner's averment that he has not the means to pay for the transcript sought.

The petitioner's affidavit supportive of his averment of "financial inability" established that from September 30, 1975 to January 30, 1976, his net income was approximately Three Hundred Seventy-eight Dollars ($378.00) per month. His testimony at the hearing on the 4th day of February, 1976, revealed that during the week prior to the hearing he had borrowed some Six Hundred Dollars ($600.00) from a bank using his furniture as collateral. Also on the date of the hearing he had approximately One Hundred Nine Dollars ($109.00) due him and further he anticipated receiving soon a Seven Hundred Twelve Dollar ($712.00) federal tax refund for the year 1975 during which time he grossed Eleven Thousand Six Hundred Dollars ($11,600.00). Petitioner also has current use of bankamericard and master charge card and also possesses a 1974 Mustang automobile, although inoperable at the time, upon which he has made regular payments for approximately one and one-half years. Petitioner is represented by a retained at-

torney and further the record reveals no application upon the petitioner's behalf to proceed in forma pauperis, specifically, requesting a court appointed attorney or leave to file an appeal without cost. Also a relevant consideration which must be given due weight is the comparative cost of the transcript in question, Two Hundred Dollars ($200.00).

■ From the above and foregoing facts and in consideration of the argument by both parties, we find a "reasonable basis" does not exist for the petitioner's averment that he is without means to pay for the transcript. From the record this Court concludes the petitioner is currently employed and although not possessive of abundant financial resources, petitioner would elect to expend his resources for things other than a transcript of the record. Thus, the petitioner does not fall within the purview of the provision of the statute previously quoted and thus the granting of a transcript at public expense is not required in the instant case.

The Court further finds that this Court's previous order entered on the 25th day of February, 1976, in Case No. O-76-142, staying the proceedings in the District Court of Tulsa County, Case No. TR-75-6150, be vacated.

IT IS, THEREFORE, THE ORDER OF THIS COURT that this Court assume original jurisdiction and the petition for writ of mandamus in the above styled and numbered cause be, and hereby is, DENIED.

IT IS FURTHER ORDERED that this Court's previous order entered on the 25th day of February, 1976, in Case No. O-76-142, be vacated.

(s) Hez J. Bussey
HEZ J. BUSSEY, JUDGE

(s) C. F. Bliss, Jr.
C. F. BLISS, JR., JUDGE