**Erroll BRUNER, Petitioner,**

v.

**The STATE of Oklahoma ex rel. the DISTRICT COURT, OKLAHOMA COUNTY, Respondent.**

**No. 0–77–857.**

Court of Criminal Appeals of Oklahoma.

June 27, 1978.

Mary E. Bane, Oyler & Smith, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Lee Schmidt, Legal Intern, Oklahoma City, for respondent.

## ORDER ASSUMING JURISDICTION AND DIRECTING A HEARING

The question to be resolved in this case is where a defendant has retained counsel for appeal, can he be provided a trial transcript at State expense? This is a Petition for a Writ of Mandamus to compel the District Court of Oklahoma County to provide petitioner with a transcript at public expense after the petitioner's application was denied.

Title 20 O.S.Supp.1977, § 106.4, provides a transcript be furnished at State expense for the purpose of appealing a criminal conviction. The petitioner must present an affidavit to the trial court that he intends, in good faith, to appeal the conviction; that a transcript is necessary for the appeal; and that he "has not the means to pay for the transcript." The trial court must then make a finding as to the reasonableness of the petitioner's request and issue an appropriate order.

In the instant case, the petitioner filed a verified application in the District Court, stating that he lacked the funds to pay for the transcript, which the reporter estimated would cost $800.00; but the District Court denied the application without a hearing. The ruling of the District Court was based solely on the following finding:

"This court finds that the defendant was represented at trial on the above numbered case and on a companion case by private counsel and that defendant is represented on appeal by private counsel."

It is unquestionable that no person can be denied an effective appeal solely on the ground of lack of sufficient funds to properly prosecute the appeal. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956); *Jeffries v. State*, 9 Okl.Cr. 573, 132 P. 823 (1913). The problem is determining when a person truly lacks the necessary funds. The assistance of counsel is vital in an appeal and, in many cases, a transcript of the trial is equally vital. If having retained counsel is legal justification for denying a transcript at state expense, then it would be equally justifiable to deny a court-appointed counsel on the ground that the defendant had been able to pay for the transcript. But clearly a person should not be forced to choose between having the assistance of counsel and having a transcript to aid in the appeal.

In *Penny v. State ex rel. Edmiston*, Okl. Cr., 547 P.2d 983 (1976), we said that one's "financial inability" to pay for a transcript is a prerequisite to the granting of a transcript at public expense and must be made on a case by case basis. However, while it is true that every defendant's financial condition is unique, we now believe that guide-

**1316**

lines would aid the District Courts of this State in ordering trial transcripts prepared at public expense for appeal purposes.

■ Obviously, the first step is the filing of a pauper's affidavit by the defendant, and since the affidavit is verified, any misrepresentation would be grounds to prosecute for perjury. For this reason, a sufficiently detailed affidavit should be taken as a prima facie showing of the defendant's financial condition, unless the District Attorney, the trial court, or some other interested party should challenge the affidavit and demand a hearing. At such a hearing, the burden would remain upon the defendant to establish his indigency. We have appended to this order a *suggested* form for such an affidavit.

■ While the determination of reasonableness is a matter within the discretion of the trial court, we emphasize that no single factor should alone be determinative. The court should take into consideration all the factors in the affidavit and, in addition, consider the designation of record—specifically, the degree to which the defendant has attempted to narrow the record to the issues to be presented on appeal.

■ Where new counsel is used on appeal a full transcript may be necessary to enable the appellate counsel to identify the issues which merit appeal. A further consideration for the trial court to make is the ability of the defendant to make an appeal bond and the defendant's decision to do so. We hasten to add, however, a defendant should not be punished for his decision to make bond, since in many cases a defendant, by being out on bond, will be able to maintain an income.

■ In other cases, the trial court may find that a defendant has some financial resources, but not sufficient ones to meet the total cost of both counsel and transcript. If this be the case, the court may require the defendant to make a reasonable allocation of funds for the transcript and/or counsel.

■ If, after considering the affidavit and any testimony, the trial court decides to deny the request, it should issue an order incorporating the affidavit and setting forth in detail the reasons for the denial.

■ These guidelines can be adapted for use in all determinations of indigency, from the filing of an information to the issuance of the final mandate. A defendant requesting assistance from the court fund at any stage should be informed that his status as an indigent can change during the course of the proceedings and may be considered by the court from time to time.

In the instant case, we are of the opinion that the ruling of the trial court on the petitioner's application for a transcript at public expense was not based on full consideration of all relevant factors. For that reason, we find that the writ of mandamus should issue and that a new determination of indigency should be made.

It is therefore the order of this Court that the petition for a writ of mandamus should be, and the same is, hereby, *GRANTED*. The District Court, Oklahoma County, is ordered to make a new determination of the reasonableness of the petitioner's claim of indigency, consistent with the guidelines set forth in this order.

IT IS SO ORDERED.

WITNESS OUR HANDS, and the Seal of this Court, this 26th day of June, 1978.

HEZ J. BUSSEY, P. J.
TOM R. CORNISH, J.
TOM BRETT, J.