**John Calvin TAYLOR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–560.**

Court of Criminal Appeals of Oklahoma.

May 17, 1982.

David Luther Woodward, Sp. Counsel, Appellate Public Defender Project, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

John Calvin Taylor appeals from a conviction for Unlawful Delivery of Marijuana pursuant to Laws 1975, c.22, § 1 now 63 O.S.Supp.1980, § 2–401, in the District Court of Comanche County, Oklahoma, Case No. CRF–79–254. He was sentenced to two (2) years' imprisonment and fined two thousand dollars ($2,000).

Six propositions of error are raised on appeal. However, because the first proposition is determinative of this appeal, we will only discuss it. The appellant alleges that the trial court erred when it required the appellant to represent himself at trial. He contends that the trial court should have appointed counsel for him because he was indigent and that at no time did he make a knowing waiver of his right to counsel.

Shortly after the appellant was arrested, he requested and was assigned a court appointed attorney. In that request he stated that he was unemployed and had no real or personal property. When his preliminary hearing was held on October 5, 1979, it was determined that the appellant had subsequently made bond and obtained employment. He was ordered to hire his own attorney. Approximately two weeks prior to the appellant's trial, he was found guilty at another trial, incarcerated, and was still in jail at the time of this trial. Just before the appellant's trial began, the judge inquired:

THE COURT: Do you have an attorney to represent you?

MR. TAYLOR: No I don't.

THE COURT: Are you going to represent yourself then?

MR. TAYLOR: I don't see hardly how I can do that, sir.

THE COURT: Why?

MR. TAYLOR: I'm not an attorney.

THE COURT: Well, you can represent yourself even though you're not an attorney. You have had the opportunity to have gotten an attorney long before this, and the fact you didn't get one was your own decision.

The State argues that the appellant was not indigent and that he waived his right to counsel by his failure to obtain private counsel. It is true that the appellant was able to make bond and was employed for part of the time before his trial. However, this Court has previously stated that a defendant does not have to be absolutely destitute to qualify for court appointed counsel and if the defendant lacks the financial resources which would allow him to retain a competent criminal lawyer at the particular time he needs one, he is entitled to appointed counsel. *Brewer v. State*, 533 P.2d 645 (Okl.Cr.1975).

In *Bruner v. State ex rel. Dist. Court, Okl. Cty.*, 581 P.2d 1314 (Okl.Cr.1978), this Court held that while the determination of the reasonableness of a claim of indigency is a matter within the discretion of the trial court, no single factor alone should be determinative. In *Bruner* this Court appended a suggested form for a pauper's affidavit and held that any challenge to the affidavit should be made through a hearing. In the present case there is no indication that a formal hearing on the appellant's status as an indigent was ever held, nor was there a hearing to determine a change in his status immediately before trial. After the trial was completed, the trial court determined that the appellant was indigent and appointed an attorney for purposes of this appeal.

When an accused person represents himself, he must knowingly and intelligently waive his right to counsel. *Cole v. State*, 569 P.2d 470 (Okl.Cr.1977). Making an effective election to proceed pro se requires "that the accused have full knowledge or adequate warning concerning this right and a clear intent to exercise it." *Id.* at 472. Here, the appellant did not express an intent to waive his right to counsel.

The State would imply the appellant's waiver by his failure to obtain private counsel. However, there is no indication in the record that the appellant purposely failed to hire counsel. In *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962), the Supreme Court stated:

> Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.

Because we find the appellant had a right to court appointed counsel and a knowing and voluntary waiver of that right to counsel was not made, we reverse and remand to the District Court of Comanche County for further proceedings consistent with this opinion.

CORNISH, J., specially concurs in results.

BUSSEY, J., dissents.

CORNISH, Judge, specially concurring in results:

I would agree that the trial court should have determined the appellant's financial status prior to trial, and if indigent, appointed counsel. Contrary to the dissent, however, I do not believe it necessary to remand this cause for a determination of Taylor's indigency.

The following conversation transpired prior to trial:

> THE COURT: Mr. Taylor, this is the date and time set for your jury trial on this charge of delivery of marijuana ... You will recall that I had you brought here about week before last, inquired of you if you had an attorney—

> MR. TAYLOR: Yes, Your Honor.

> THE COURT: —and you told me that you could get one, but you thought you'd wait and see the results of the trial you were in that day.

> MR. TAYLOR: Uh-huh.

> THE COURT: My information is that you were convicted that day and are in the County jail now as a result of that conviction, is that correct?

> MR. TAYLOR: Yes, it is.

> THE COURT: Do you have an attorney to represent you?

> MR. TAYLOR: No, I don't.

> THE COURT: Are you going to represent yourself then?

> MR. TAYLOR: I don't see hardly how I can do that, sir.

> THE COURT: Why?

> MR. TAYLOR: I'm not an attorney.

> THE COURT: Well, you can represent yourself even though you're not an attorney. You have had the opportunity to have gotten an attorney long before this, and the fact you didn't get one was your own decision. You are familiar with the trial procedure, are you not?

> MR. TAYLOR: A little bit; not too much.

The record establishes that on February 6, 1980, the appellant was tried for the offense of unlawful delivery of marijuana. At the February 6th trial, Taylor was represented by retained counsel. Taylor was convicted that same day and was immediately incarcerated in the Comanche County jail. He remained in jail until his trial on this cause on February 19, 1980. Some six hours later, at the end of the trial the trial judge found that Taylor was indigent. That same day, February 19, 1980, the trial judge signed an order appointing the appellate public defender to represent Taylor on appeal. He also provided Taylor with a trial transcript at public expense.

It appears from the transcript that Taylor was indigent at the time of trial. It is difficult to believe that his financial position was significantly altered during the six

hour period in which he represented himself at trial. Further, the State has not established that Taylor was remiss in obtaining counsel prior to trial. The record shows that during the two week period immediately preceding this cause the appellant was incarcerated apparently without funds to retain private counsel.

I concur in the majority opinion to the extent that the appellant should be granted a new trial.

BUSSEY, Judge, dissenting:

The record in the instant case does not establish that the defendant was financially able to retain private counsel at the time of trial, nor does it establish that he was an indigent and entitled to the appointment of counsel. I would remand this issue to the trial court in order that an inquiry be made as to the defendant's financial ability to retain private counsel prior to trial. The trial court should make findings of fact and conclusions of law and forward them to this Court. We would then have a factual basis to determine the issue.