**Arthur Michael PARKS, Petitioner,**

v.

**The Honorable George W. LINDLEY, and the District Court of Stephens County, Respondents.**

**No. O-89-1249.**

Court of Criminal Appeals of Oklahoma.

March 26, 1990.

## ORDER DENYING ISSUANCE OF WRIT OF MANDAMUS

Petitioner filed a petition in this Court requesting the issuance of a Writ of Mandamus directing the District Court of Stephens County to furnish transcripts at public expense in Case No. CRF–85–159. A review of the procedural history of Petitioner's case shows he was originally tried by jury and convicted of First Degree Murder in January 1986. Petitioner perfected a direct appeal of the conviction and this Court reversed the conviction and remanded the case for a new trial. *See Parks v. State*, 765 P.2d 790 (Okl.Cr.1988). Petitioner was again found guilty by a jury and sentenced to life imprisonment. At the April 6, 1989 sentencing hearing, Petitioner gave a verbal notice of his intent to appeal the judgment and sentence. Petitioner also indicated his desire for the appointment of counsel for appellate representation and to be provided a transcript at public expense. The trial court proceeded to determine Petitioner's indigency. Petitioner did not file a pauper's affidavit, but chose instead to testify in his own behalf. Based upon Petitioner's testimony, the trial court found that the evidence presented was insufficient to warrant a finding of indigency and denied the motion for a transcript at public expense. Trial counsel, Irven Box and Diane Clowdus, were subsequently retained to pursue the appeal. In October 1989, pursuant to a request by Petitioner, this Court granted additional time to file the original record and trial transcript. On October 12, 1989, Petitioner again appeared before the District Court with a Supplemental Application for transcript at public expense. In support of his application, Petitioner presented affidavits from family members which indicated that they were unable to financially assist the Petitioner in his appeal. Finding the affidavits hearsay, the trial court ruled that Petitioner had failed to present any additional evidence upon which a finding of indigency could be based.

Title 20 O.S.1981, § 106.4(b) provides a transcript will be furnished at State

expense for the purpose of appealing a criminal conviction if the trial court finds the defendant is indigent. The Petitioner must present an affidavit to the trial court that he intends, in good faith, to appeal the conviction, that a transcript is necessary for the appeal and that he has not the means to pay for the transcript. The trial court is then to make a finding as to the reasonableness of the Petitioner's request and issue an appropriate order. The financial inability to pay for a transcript is a prerequisite determination for the granting of a transcript at public expense and is a decision to be made on a case by case basis. *Penny v. State ex rel. Edmiston*, 547 P.2d 983, 984 (Okl.Cr.1976). In *Bruner v. State ex rel. District Court of Oklahoma County*, 581 P.2d 1314 (Okl.Cr.1978), this Court set forth guidelines for the District Courts to follow in determining the necessity of ordering the preparation of a trial transcript at public expense for appeal purposes. The first step is the filing of a pauper's affidavit by the defendant. A suggested form for the affidavit, which is to be signed by the defendant and verified, is provided in the *Bruner* opinion. A sufficiently detailed affidavit is to be taken as a prima facie showing of the defendant's financial condition, unless the District Attorney, the trial court, or some other interested party should challenge the affidavit and demand a hearing. At the hearing, the burden remains upon the defendant to establish his indigency. The *Bruner* opinion emphasizes that while the determination of the reasonableness is a matter within the discretion of the court, no single fact should alone be determinative. The trial court should consider the degree to which the defendant has attempted to narrow the record to the issues to be presented on appeal, the ability of the defendant to make an appeal bond and the defendant's decision to do so, and other financial resources of the defendant although not sufficient to meet the total cost of both counsel and transcript. If, after considering the affidavit and any testimony, the trial court decides to deny the request, it should issue an order incorporating the affidavit and setting forth in detail the reasons for the denial.

■ In the present case, Petitioner did not file a pauper's affidavit but gave testimony as to his indigency. No explanation was given for the failure to file the pauper's affidavit. Although this Court has not been provided with a copy of a transcript from the April hearing, we are informed by all parties that Petitioner testified that neither he nor his wife had any resources with which to finance the appeal. On cross-examination, Petitioner indicated that his family had helped him finance his last appeal; however, this time he was going to do it himself and he was not going to ask his family for help. If his family did offer money, Petitioner testified that he would not take it. At the hearing on the supplemental application, the trial court noted that the Appellate Public Defender was appointed for the last appeal and that transcripts had been provided at state expense; however the Public Defender was later discharged from employment and Petitioner proceeded in a nonindigent status. The trial court considered affidavits from Petitioner's wife, mother and father which stated that they had helped Petitioner in the last appeal, but were unable to financially assist in the current case. Yet, funds were provided to retain counsel to pursue the instant appeal. As none of the aforementioned parties appeared to testify, the court was unable to determine to what extent they were unable or unwilling to financially assist Petitioner. Defense counsel indicated that no attempt had been made to narrow the issues for appeal. The trial court also expressed its frustration with the examination of the Petitioner on April 6, 1989, and Petitioner's failure to offer critical evidence supporting his claim by his inability to answer many of the questions posed to him.

Relying on *Application of Alexander*, 392 P.2d 756 (Okl.Cr.1964), Petitioner argues that based upon his uncontradicted evidence, the decision to grant a transcript at public expense was no longer a matter of judicial discretion. Petitioner's reliance is misplaced. In *Alexander*, this Court

held that in light of the defendant's uncontradicted evidence that he was without funds or property of any kind to pay for a transcript, and that he had no relatives having money or property and willing to assist him, he was entitled to have a transcript prepared at public expense. In granting the writ of mandamus in *Alexander*, this Court did not deter from the general principle that the determination of the reasonableness of Petitioner's request for a transcript at public expense is within the discretion of the trial court.

After a thorough review of the relevant legal authority and the record presented to this Court, we find that the decision to order the preparation of a trial transcript at public expense is within the discretion of the trial court. Further, the Respondent in the present case properly acted within that discretion and denied Petitioner's request for a transcript at public expense. Without the detailed information contained in a pauper's affidavit and more information from Petitioner's family, a finding of indigency was not warranted. By failing to adhere to the *Bruner* guidelines and the failure to sustain his burden of proof of indigency, Petitioner has failed to show that he is entitled to the extraordinary relief of mandamus. Accordingly, this petition for writ of mandamus is DENIED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
VICE PRESIDING JUDGE
/s/ Tom Brett
TOM BRETT,
JUDGE
/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
JUDGE
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
JUDGE