Robert Grady JOHNSON, Petitioner,

v.

The Honorable Jack BROCK, Judge of the District Court of Comanche County, Oklahoma; and Bob Ganstine, Director of the Oklahoma Indigent Defense System, Respondents.

No. O 92–1062.

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1992.

## ORDER DENYING IN PART AND GRANTING IN PART APPLICATION FOR EXTRAORDINARY RELIEF

Petitioner filed in this Court an application for a writ of mandamus and writ of prohibition. Petitioner has been charged in the District Court of Comanche County, Case No. CRF–84–597, with four counts of first degree murder, three counts of shooting with intent to kill, and one count of attempted shooting with intent to kill. The State is seeking the death penalty on each of the murder counts.

Counsel for Petitioner, Don Ed Payne, contends that Petitioner is indigent and that he filed verified motions seeking authority and funds to employ an investigator and expert witnesses including a psychologist or psychiatrist, and a mitigation expert. He also filed motions requesting that the trial be continued to a date not earlier than February 1993. The motions were denied by the Trial Court on October 22, 1992, but a copy of the order denying said motions are not a part of the record before this Court. Mr. Payne states there is no written order but a copy of the transcript of partial hearing was filed in this Court November 16, 1992. Mr. Payne also states that on November 2, 1992, he made a written request to the Oklahoma Indigent Defense System (OIDS) for funds with which to employ an investigator and the necessary expert witnesses but that the request was denied on November 3, 1992.

Petitioner requests a writ of mandamus directing the District Court or OIDS to grant the funds to obtain the assistance of an investigator and expert witnesses necessary to provide Petitioner a fair trial; and requests a writ of prohibition prohibiting

the District Court from proceeding until a ruling is made by this Court on Petitioner's application, and for a reasonable time in order to allow the investigator and the expert witnesses sufficient time to prepare for trial.

In an order dated November 13, 1992, this Court directed the Respondents, the Honorable Jack Brock, District Judge of the District Court of Comanche County, and Bob Ganstine, Director of OIDS, or a designated representative, file a response to Petitioner's application. Said responses were filed in this Court November 20, 1992. Because trial of this matter was scheduled for December 1, 1992, and Petitioner must comply with discovery requirements ten days prior to trial, Petitioner filed a supplemental petition November 18, 1992, seeking a stay of proceedings until this Court can adequately review the issues presented. A temporary stay of proceedings was granted by this Court November 20, 1992.

The record before this Court reflects that an indigency hearing was conducted April 13, 1992, in which Petitioner was represented by OIDS; Petitioner informed the District Court that it was his desire to retain private counsel and after hearing evidence regarding Petitioner's inheritance from his grandmother's estate, the District Court found Petitioner was not indigent; Petitioner retained counsel and Mr. Payne entered an appearance on behalf of Petitioner.

■ A person's status as an indigent can change as the trial progresses, and this is subject to review by the Trial Court. See *Bruner v. State ex rel. District Court of Oklahoma County*, 581 P.2d 1314, 1316 (Okl.Cr.1978). However, the record before this Court does not reflect that Petitioner has followed the guidelines set forth in *Bruner* which would enable the Trial Court to determine whether Petitioner's indigent status has changed and if he is therefore entitled to public assistance.

A review of the partial transcript of the October 22, 1992, hearing reflects that Judge Brock declined to make findings regarding Petitioner's motion for authority and funds to employ an investigator and expert witnesses. Judge Brock determined

the District Court, after November 1, 1992, does not have authority to furnish any funds for an investigator or expert witnesses and suggested Petitioner make application to OIDS.

■ The response of Bob Ganstine, Director of OIDS, sets forth that in this case the District Court originally determined that Petitioner was not indigent. Further, OIDS is not statutorily responsible for payment of funds for any experts or other services which might be necessary for Petitioner's defense unless and until the District Court reviews that initial determination and makes a formal judicial finding that Petitioner is indigent. We agree.

Petitioner has failed to recognize that the fundamental issue of present indigency has not been presented to the District Court. Since the April 1992 determination that Petitioner was not indigent, Petitioner has not filed a pauper's affidavit with a motion to determine present indigency based on a change of financial condition. Therefore, the District Court correctly determined at this juncture that the request by Petitioner for an investigator and expert witnesses at public expense could not be addressed because Petitioner has not shown himself to be an indigent person. Since the original determination of indigency was made by the District Court prior to implementation of the revisions to the Indigent Defense Act, the District Court retains jurisdiction in this matter to determine whether or not a change of condition has now placed Petitioner in an indigent status.

Therefore, before the issue can be addressed on its merits, Petitioner must file the appropriate pleadings in the District Court with a pauper's affidavit to determine whether Petitioner is currently an indigent person. If so determined, the District Court has appropriately recognized that the Legislature has now vested with the Executive Director and the Board of the Indigent Defense System the authority to provide reasonable and necessary investigative, expert or other services. 22 O.S.Supp.1992, § 1355.4.

Prior to the repeal of Section 464 of Title 22, effective July 1, 1991, a person charged

854

with a criminal offense facing the possibility of a death sentence was first required to submit an application to the District Court demonstrating that an expert witness and other services were necessary to prepare the defense and that the defendant was financially unable to pay for such services. The District Court would rule on the reasonableness of the request, and compensation for such expert witnesses and other services would be paid from the State Judicial Fund in an amount determined by the Trial Judge subject to the statutory limitation and approval of the Chief Justice. However, the Legislature removed the ability from the District Court, in counties with population of less than 200,000, to provide funds for witnesses (SB 665 effective September 1, 1992, amending 20 O.S.1991, § 1304), and directed attorneys appointed in accordance with the Indigent Defense Act to submit requests for necessary investigative, expert, or other services, in counties with less than 200,000 population, to the Executive Director of OIDS (HB 2065 effective July 1, 1992, amending 22 O.S. 1991, § 1355.4). Effective July 1, 1992, the Executive Director of OIDS, or his designee, also makes the determination of indigency, subject to review by the Trial Court, after a defendant makes proper application to OIDS for assistance at public expense. 22 O.S.Supp.1992, § 1355.6(D). Further, the appointment provisions of the 1992 Indigent Defense Act are retroactive to July 1, 1991, for capital cases. 22 O.S.Supp. 1992, § 1366. We do not find, however, that the statutes provide direction for a defendant in a criminal proceeding who, first being determined by the District Court not to be indigent, retains counsel but subsequently becomes indigent and seeks public assistance to provide the funds necessary for experts and investigative services.

In this matter we note that Mr. Payne agreed to represent Petitioner for a negotiated fee knowing the requirements of representation in a case of this type. Having bargained for and accepted compensation for that trial, any change in Petitioner's financial status should only be considered on the basis of reasonable and necessary investigative and expert services—not for additional attorney fees. Should the District Court, upon proper application by Petitioner, determine that Petitioner has become indigent since the initial determination of non-indigency, we find that Petitioner must then make proper application to the Director of OIDS for an investigator and expert witnesses necessary for his defense. It will be necessary for requests of this type to be reviewed on a case by case basis as it is not the intent of this Court that OIDS be turned into a secondary source of income—a "deep pocket"—for retained counsel.

IT IS THEREFORE THE ORDER OF THIS COURT that Petitioner is granted twenty (20) days from the date of this order to file the proper documents in the District Court in accordance with *Bruner* requesting a determination of present indigency based on change of condition. Upon Petitioner filing the required documents, the District Court is directed to conduct an evidentiary hearing to determine whether Petitioner's non-indigent status has changed. For a determination of indigency, Petitioner is not required to show that he is absolutely destitute but must demonstrate that he lacks the financial resources which would allow him to retain the necessary investigative and expert services. *See McCraw v. State*, 476 P.2d 370 (Okl.Cr. 1970); *Brewer v. State*, 533 P.2d 645 (Okl. Cr.1975).

If the District Court determines Petitioner is not presently indigent, the proceedings in the District Court may continue.

However, if the District Court determines Petitioner is indigent for purposes of the requested services, a certified copy of the order entered shall be directed to the Oklahoma Indigent Defense Director and Petitioner should be granted twenty (20) days from the date of said order in which to make the request, as required by Section 1355.4 of Title 22, to OIDS for action— limited to investigative services and necessary expert witnesses.

The temporary stay imposed by this Court November 20, 1992, is hereby LIFTED.

IT IS SO ORDERED.

/s/James F. Lane
JAMES F. LANE, Presiding Judge
/s/Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge.