Shannon D. DIXON, Petitioner,

v.

The Honorable Daniel L. OWENS,
District Judge Oklahoma
County, Respondent.

No. O 93–1007.

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1993.

## ORDER GRANTING WRIT OF MANDA-MUS TO THE HONORABLE DANIEL L. OWENS, DISTRICT JUDGE

Petitioner filed an application for a writ of mandamus and/or writ of prohibition requesting this Court assume original jurisdiction and direct the District Court of Oklahoma County and the Honorable Daniel L. Owens to allow Petitioner to discharge his retained counsel. Petitioner further requests we order Judge Owens to hold an evidentiary hearing to determine Petitioner's current indigent status and whether he should be appointed counsel in Case No. CF–92–7744.

Petitioner is charged with murder. On December 28, 1992, Petitioner's mother retained a private attorney, Mr. Irven Box, to represent the Petitioner for a fee of $15,000 ($2,000 for legal representation plus $13,000 for expenses). On May 16, 1992, Petitioner pled guilty before Oklahoma County District Judge Richard Freeman. Prior to sentencing, Petitioner withdrew his plea and the case was transferred to Judge Owens. Displeased with Mr. Box's conduct and services, a notice of dismissal was sent to Mr. Box on July 22, 1993. On August 5, Petitioner sent a letter to Judge Owens requesting that Mr. Box be removed as counsel, declared his indigence, and asked that a public defender be appointed to represent him. At the time Petitioner requested Mr. Box be discharged, his case had not been set for trial, nor had the State filed a bill of particulars.

On September 3, 1993, Petitioner's pro se motion was heard, with Mr. Box requesting he be allowed to withdraw and Petitioner requesting Box's removal as counsel of record. Judge Owens denied the motion finding once a lawyer has been hired and a retainer paid the defendant is no longer considered indigent, giving the court no basis to appoint a public defender. (Tr. 4)

Judge Owens, on his own motion, ordered the Public Defender of Oklahoma County to assist Petitioner in filing this writ. Judge Owens stated there was no law on the issue of whether he could appoint a public defender in a case where private counsel had previously been retained. He then set Petitioner's trial for November 29, 1993.

Petitioner argues that his Sixth Amendment right to counsel allows him to discharge his retained counsel and have new counsel appointed to represent him should the court determine he is currently indigent. Petitioner is dissatisfied with his retained counsel and wishes to discharge him and have the court appoint counsel based upon Petitioner's current indigent status. (Although Petitioner's mother has indicated she may be able to hire other counsel if Mr. Box returns a substantial portion of the monies advanced to him, she is under no legal obligation to do so. Additionally, Petitioner asserts his ability to hire another lawyer, with whatever resources, is irrelevant to the Sixth Amendment issue raised in his application.)

Citing *People v. Ortiz*, 51 Cal.3d 975, 275 Cal.Rptr. 191, 800 P.2d 547 (1990), Petitioner avers that his motion to timely discharge his privately retained attorney should suffice without further inquiry into the reasons for the request or issues pertaining to inadequate representation such as incompetence, irreconcilable conflict or even his indigence. Recognizing that an indigent defendant seeking to replace appointed counsel with other appointed counsel must show either inadequate representation or irreconcilable conflict, Petitioner alleges there is no such requirement when replacing retained counsel with other retained counsel. He alleges the

only requirement in the latter substitution of counsel is timeliness and prejudice to the other party.

Citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), Petitioner argues that to force unwanted counsel upon a defendant violates the logic of the Sixth Amendment. Refusing to permit Petitioner to fire his retained counsel makes him an unwilling participant in the attorney/client relationship and violates his right to counsel under the Sixth Amendment.

Petitioner further alleges the District Court erred in denying his request for court-appointed counsel by determining Petitioner was not indigent. Petitioner asserts the determination of his indigence should be made *after* his retained counsel has withdrawn, based upon Petitioner's circumstances at that point in time.

 The ultimate question here is whether a defendant has the right to discharge his privately retained counsel at will, even if the firing results in his then being entitled to court-appointed counsel because he is indigent, as long as the discharge request is timely made and will not result in prejudice to the defendant, undue delay in the proceedings or prejudice to opposing counsel. We find the answer to this question is yes. This is a question of first impression in the state of Oklahoma. We have reviewed the reasoning of the Supreme Court of California in *People v. Ortiz*, 51 Cal.3d 975, 275 Cal.Rptr. 191, 800 P.2d 547 (1990) in which the same type of question was presented, and find it persuasive. We therefore establish the following procedure to be used in Oklahoma. Absent a showing of undue delay, disruption of the orderly process of justice or prejudice to the defendant or opposing counsel, a defendant who timely seeks to discharge retained counsel—whether indigency results or not—should be permitted to do so.

To ensure effective assistance of counsel, a non-indigent defendant would be allowed to discharge counsel, absent a showing of undue delay, disruption of the orderly process of justice, or prejudice to himself or opposing counsel. We must conclude, therefore, that a defendant's right to choose his counsel also includes his right to discharge that counsel if he no longer wishes to retain his services.

 This does not mean that an indigent defendant's right to discharge counsel is without some restraints. The trial court, in its discretion, may refuse to allow discharge of court-appointed counsel or appointment of new counsel if it determines that the request is simply a delaying tactic or untimely made. *See, Boone v. State*, 642 P.2d 270 (Okl.Cr. 1982); *Johnson v. State*, 556 P.2d 1285 (Okl. Cr.1976).

 We have made it quite clear that there is no right to have specific counsel appointed, and there must be valid reasons for discharge and appointment of a new attorney where a defendant has court-appointed counsel. *Johnson, supra.* There are no such requirements for non-indigent defendants seeking removal of privately retained counsel. In this case, there was no trial date set at the time Petitioner filed his pro se motion for removal of counsel. The November 29, 1993, trial date was set at the hearing on Petitioner's motion. Additionally, there is nothing in the record to indicate Petitioner's motion is made for purposes of delay or in an attempt to prejudice opposing counsel.

 The United States Supreme Court stated in *Griffin v. Illinois*, 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956), "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has." We therefore conclude that the potentially-indigent defendant's right to discharge retained counsel should be subject to no more restraint than that afforded to the non-indigent defendant. A defendant should not be required to go through trial with an attorney he does not trust or who he believes will not adequately represent him, even if the discharge of that counsel means the defendant will then require appointment of counsel because he is indigent.

This ruling in no way changes our position that a defendant is generally entitled to only one court-appointed attorney, and that there is no right to choose a particular attorney for that appointment. The competing interests of the state in avoiding excessive delay, duplicative representation, repetitive investigation and undue expense are still weighed against an indigent defendant's right to request discharge of court-appointed counsel. Petitioner is requesting court-appointed counsel for the first time, and there is no duplication of state cost and effort in appointing counsel to represent him. As such, he should be given the same treatment as any defendant initially requesting appointed counsel.

The District Court denied Petitioner's request solely because he had privately retained counsel. Judge Owens determined since Mr. Box had been hired to represent Petitioner, he was not indigent for purposes of being represented in Case No. CF–92–7744. However, the determination of Petitioner's indigence should be made at the time his request for appointed counsel is made, not based upon the fact that at one time he retained private counsel. A defendant's status as indigent can change as the case progresses, and is subject to review by the trial court. *Johnson v. Brock*, 843 P.2d 852, 853 (Okl.Cr.1992), *see also*, *Bruner v. State ex rel. District Court of Oklahoma County*, 581 P.2d 1314, 1316 (Okl.Cr.1978).

IT IS THEREFORE THE ORDER OF THIS COURT that the District Court of Oklahoma County, the Honorable Daniel L. Owens, GRANT Petitioner's motion to discharge his private counsel, and allow Mr. Irven Box, to withdraw as attorney of record.

FURTHER, the District Court is directed to conduct an evidentiary hearing to determine if Petitioner is currently indigent so as to qualify for court-appointed counsel. If the District Court determines Petitioner is not presently indigent, the proceedings in the District Court may continue. However, if the District Court determines Petitioner is indigent, counsel shall be appointed to represent him pursuant to the Oklahoma Indigent Defense Act, 22 O.S.Supp.1992, §§ 1355, et seq.

**IT IS SO ORDERED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge