[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2007
THOMAS K. KAHN
CLERK

No. 06-12805
Non-Argument Calendar

_____

D. C. Docket No. 03-00336-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNOLD D. HOLLAND,
a.k.a. "manboy 12",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 23, 2007)**

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Arnold D. Holland appeals his sentence imposed after he pled guilty to ten

counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).

Holland's plea agreement contained an appeal waiver, which the government

contends bars appeal of all but one of Holland's claims. Thus, as a threshold

matter, we address the validity and scope of Holland's appeal waiver.

## A.    Appeal Waiver

In his plea agreement, Holland agreed to waive his right to appeal his

sentence on any ground except for an upward departure or a finding by the district

court that a five-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(4),[1] applied,

as follows:

> To the maximum extent permitted by federal law, however, the
> defendant voluntarily and expressly waives the right to appeal his
> sentence and the right to collaterally attack his sentence in any post-
> conviction proceeding on any ground, except that the defendant may
> file a direct appeal of an upward departure from the otherwise
> applicable sentencing guideline range and/or a finding by the trial
> court that the defendant is subject to a five-level enhancement,
> pursuant to U.S.S.G. § 2G2.2(b)[(4)], because the defendant engaged
> in a pattern of activity involving the sexual abuse or exploitation of a
> minor.[2]

In his plea agreement, Holland also stipulated that his guidelines range should be

calculated pursuant to U.S.S.G. § 2G2.2 and that the enhancements in

---

[1]All citations are to the 2002 version of the Sentencing Guidelines.

[2]The parties agree that the plea agreement incorrectly identified the relevant guidelines provision as § 2G2.2(b)(3) and that appeal of the § 2G2.2(b)(4) enhancement was excepted from the appeal waiver.

§ 2G2.2(b)(1), (b)(2)(B), (b)(3) and (b)(5) applied. His plea agreement also acknowledged that the government would argue at sentencing that § 2G2.2(b)(4)'s five-level enhancement applied because Holland had engaged in qualifying conduct.

On appeal, Holland argues that the district court erred in accepting the stipulation in the plea agreement that U.S.S.G. § 2G2.2 applied to calculate his offense level and that these enhancements in U.S.S.G. § 2G2.2 applied: § 2G2.2(b)(1), (b)(2)(B), (b)(3) and (b)(5). Holland contends that U.S.S.G. § 2G2.4 is the applicable guidelines provision for his offense and that the district court erred in applying § 2G2.2 and the enhancements in § 2G2.2(b)(1), (b)(2)(B), (b)(3) and (b)(5). If enforceable, Holland's appeal waiver precludes review of these claims.[3]

An appeal waiver "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." United States v. Grinard-Henry,

---

[3]We reject as meritless Holland's argument that the § 2G2.2 enhancements constituted an upward departure and thus fall within the other exception to Holland's appeal waiver. A departure by definition results in a sentence outside the applicable guidelines range. See United States v. Smith, 289 F.3d 696, 710 (11th Cir. 2002). The § 2G2.2 enhancements Holland seeks to challenge on appeal were used to calculate Holland's guidelines range, not to authorize a sentence outside that range.

399 F.3d 1294, 1296 (11th Cir.) (quotation marks omitted), <u>cert. denied</u>, 544 U.S. 1041, 125 S. Ct. 2279 (2005). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues – indeed, it includes a waiver of the right to appeal blatant error." <u>United States v. Howle</u>, 166 F.3d 1166, 1169 (11th Cir. 1999).[4]

Here, the district court specifically questioned Holland about the appeal waiver during the plea colloquy, and Holland stated that he understood the provision, as follows:

The Court: [Y]ou are waiving certain appeal rights that normally you would have. With the exceptions noted in your plea agreement, you are giving up that right, which means you'll be bound by the judge's decision. Do you understand that?

[Holland]: Yes, I understand I'll be bound by your decision.

The Court: And you are also giving up not only your right to appeal, but your right to collaterally attack your sentence at a later date through a habeas corpus or some other post judgment means. Do you understand that?

[Holland]: Yes, Your Honor.
. . . .

The Court: Is there anything I have said or any questions I have asked that you do not understand or you wish me to go back over and clarify?

_____

[4]We review <u>de novo</u> the validity of an appeal waiver. <u>United States v. Bushert</u>, 997 F.2d 1343, 1352 (11th Cir. 1993).

[Holland]: No, you have said everything clearly, Your Honor.

The Court: Do you and your attorney feel that you both have had sufficient time to think about and discuss the matter fully among yourselves before entering this plea of guilty?

[Holland]: We have had enough time, and she's done a good job.

Because Holland knowingly and voluntarily entered into his appeal waiver and because the district court specifically questioned Holland about the appeal waiver, the appeal waiver is enforceable. Therefore, we do not address the merits of Holland's arguments regarding the district court's use of § 2G2.2 and the (b)(1), (b)(2)(B), (b)(3) and (b)(5) enhancements stipulated to in his plea agreement, as opposed to § 2G2.4, to calculate his offense level.

## B.    U.S.S.G. § 2G2.2(b)(4) Enhancement

Holland also argues that the district court erred in applying a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4), a claim expressly permitted by Holland's appeal waiver.[5] Under § 2G2.2(b)(4), a defendant's offense level is increased by five levels "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor . . . ." U.S.S.G.

---

[5]Ordinarily, we review the district court's findings of fact for clear error and application of the sentencing guidelines to the facts de novo. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). However, where, as here, the defendant failed to object in the district court, we review only for plain error. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998).

§ 2G2.2(b)(4). "Pattern of activity" is defined in Application Note 1 as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant . . . ." U.S.S.G. § 2G2.2(b)(4) cmt. n.1. Furthermore, "sexual abuse or exploitation" is defined as "conduct constituting criminal sexual abuse of a minor, sexual exploitation of a minor, abusive sexual contact of a minor, any similar offense under state law, or an attempt or conspiracy to commit any of the above offenses." Id.

Holland's presentence investigation report ("PSI") recounted specific facts relating to the § 2G2.2(b)(4) enhancement. This portion of the PSI described Holland's ongoing sexual relationships with two fifteen year old boys, JV-MM and JV-TG. The PSI contained descriptions of, and excerpts from, a calendar and diaries kept by Holland as well as letters written by Holland in which he documented multiple sexual encounters with JV-MM and JV-TG. Holland did not object to these factual allegations in the PSI, and thus they are deemed admitted. See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006).[6]

---

[6]Holland's only objection to the PSI's facts relating to the § 2G2.2(b)(4) enhancement was to the characterization of one incident with JV-MM. According to the PSI, JV-MM stated that Holland took a photograph of him as he exited the shower and then sexually assaulted him. According to Holland, the photograph was given to him, not taken by him, and he never forced JV-MM to engage in sexual activity. However, Holland did not object to the PSI's description of his other multiple sexual encounters with both JV-MM and JV-TG. Therefore, even without the one incident to which Holland objected, there were still sufficient sexual encounters with minors to satisfy the § 2G2.2(b)(4) enhancement.

6

At the sentencing hearing, the government presented evidence that Holland had sexual contact with at least five minors and took nude photographs of at least one of them and posted them on his website.  Specifically, the government introduced sexually explicit images of minors found on Holland's computer, his website and on film in his camera; multiple e-mails sent by Holland to minors and to an adult in which he admitted engaging in sexual contact with minors; Holland's calendar and diaries; and an organizer found on Holland's refrigerator containing notations indicating that Holland had engaged in sexual contact with minors.

This evidence is more than sufficient to establish by a preponderance of the evidence that Holland engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.  Holland's diaries, organizer, calendar entries and e-mails recount multiple, separate instances of sexual abuse or sexual exploitation of at least five minors.

Holland's argument that the government's evidence constituted inadmissible hearsay is without merit.  First, the Federal Rules of Evidence do not apply at sentencing.  Fed. R. Evid. 1101(d)(3).  Rather, the sentencing court may consider hearsay evidence that has sufficient indicia of reliability.  United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998); U.S.S.G. § 6A1.3(a).  The statements by JV-MM and JV-TG that they had multiple sexual contacts with

7

Holland are corroborated by Holland's own statements in his diaries, organizer, calendar and e-mails. Holland has failed to show that this evidence is unreliable. Second, the statements in the diaries, organizer, calendar and e-mails constituted admissions by a party and therefore were non-hearsay. See Fed. R. Evid. 801(d)(2).

Equally meritless is Holland's argument that the district court committed reversible error when it failed to make specific findings to support the § 2G2.2(b)(4) enhancement. The district court explicitly found "by a preponderance of the evidence the defendant engaged in a pattern of activity involving sexual abuse and exploitation of a minor" and that Holland's conduct involved "five different victims, and that the same victim was involved more than one time in some instances." As the record amply supports the district court's application of § 2G2.2(b)(4)'s enhancement, more individualized findings were not required. See United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005) (affirming the district court's application of a § 2G2.2(b)(4) without particularized findings because record supported district court's determination).

The district court did not commit plain error when it applied the five-level enhancement in U.S.S.G. § 2G2.2(b)(4).

**AFFIRMED.**