[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13753
Non-Argument Calendar
_____

D.C. Docket No. 9:06-cr-80158-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY R. MASILOTTI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 12, 2014)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Masilotti appeals the denial of his petition for a writ of audita querela or, alternatively, for a writ of error coram nobis. Masilotti's petition sought relief from the district court's 2007 forfeiture order entered in Masilotti's underlying criminal proceedings. The district court dismissed the petition because, inter alia, Masilotti waived his right to challenge the forfeiture in his plea agreement. After review, we affirm.[1]

On January 11, 2007, Masilotti pled guilty to conspiracy to commit honest services fraud and tax fraud. Pursuant to the written plea agreement, Masilotti also agreed to forfeit certain assets listed in the plea agreement, including $9.5 million, various parcels of land, and Masilotti's interests in a corporation, a land trust, a bank account and several certificates of deposit. As a result, on the same day as the plea hearing, the district court entered a preliminary forfeiture order and later entered a final forfeiture order.

In 2013, Masilotti filed the instant petition, arguing that the forfeiture subsequently was voided by Skilling v. United States, 561 U.S. 358, 130 S. Ct. 2896 (2010), which held that the honest services fraud statutes reach only schemes to defraud the public that involve bribes or kickbacks. See Skilling, 561 U.S. at ___, 130 S. Ct. at 2931. The problem for Masilotti is that his written plea

---

[1]We review de novo the scope of an appeal waiver. See United States v. Johnson, 541 F.3d 1064, 1066, 1068-69 (11th Cir. 2008) (reviewing de novo whether the defendant's admittedly knowing and voluntary sentence-appeal waiver included an exception for an untimely restitution order).

agreement contained a waiver not only of his right to appeal the forfeiture order, but also of his right to bring any other challenge to the forfeiture in any judicial or administrative proceeding.  Specifically, in his written plea agreement, Masilotti agreed to waive certain "rights as to assets subject to forfeiture," including, inter alia: (1) "all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding"; and (2) "to appeal any order of forfeiture entered" by the district court pursuant to the plea agreement.

The district court found that Masilotti knowingly waived any right to challenge the forfeiture.  See United States v. Bushert, 997 F.2d 1343, 1347 (11th Cir. 1993) (explaining that we will enforce an appeal waiver in a plea agreement that was made knowingly and voluntarily).  On appeal, Masilotti does not challenge the district court's finding that his waiver was knowing and voluntary.  See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (explaining that an issue not "plainly and prominently" raised on appeal is deemed abandoned).  Further, Masilotti's petition asserts a legal defense to the forfeiture of the assets listed in his plea agreement.  Thus, we agree with the district court that Masilotti's petition is barred by the forfeiture waiver.[2]

---

[2]We note that in 2010, Masilotti filed a 28 U.S.C. § 2241 petition attacking both his conviction and the forfeiture order based on Skilling.  The petition was denied because: (1) at least one of Masilotti's honest services fraud schemes, the Diocese transaction, involved bribes or kickbacks; and (2) Masilotti pled guilty to a dual-object conspiracy and the other object—to impede the Internal Revenue Service in the collection of personal income taxes—was unaffected

Masilotti argues that his petition falls outside the scope of the forfeiture waiver because the waiver applied only to those assets that were "subject to forfeiture," and, after Skilling, the assets are not properly subject to forfeiture. Masilotti's argument lacks merit for several reasons. First, such an interpretation of the forfeiture waiver would be inconsistent with the other terms of the plea agreement. See United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) (rejecting an interpretation of an appeal waiver that would be inconsistent with other terms of the plea agreement). The plea agreement contained a list of assets that Masilotti agreed were "subject to forfeiture" and were "property constituting, or derived from the proceeds of" the charged honest services fraud. Masilotti agreed to waive any right to bring future judicial challenges to the forfeiture of those listed assets on "constitutional, legal and equitable" grounds.

Second, such a broad waiver applies to the Skilling argument Masilotti now raises in this petition. See United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999) (explaining that a waiver is enforceable even if it waives "difficult or debatable legal issues" or "blatant error"). Although Masilotti argues that the forfeiture waiver cannot bar a challenge based on a subsequent development in the law, this Court has repeatedly upheld broad appeal waivers as long as they are

by Skilling. Thus, the § 2241 court concluded that Masilotti's conviction and the forfeiture order remained valid. Masilotti did not appeal that ruling. In dismissing the instant petition, the district court alternatively concluded that Masilotti was barred by the doctrine of res judicata from relitigating the validity of the forfeiture. Given that the district court properly dismissed Masilotti's petition pursuant to the forfeiture waiver, we do not address this alternative ground.

4

knowing and voluntary.  See United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005) (concluding that a broad sentence-appeal waiver included any grounds of appeal based on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005)); United States v. Buchanan, 131 F.3d 1005, 1009 (11th Cir. 1997) (refusing to allow appeal of issues disputed at sentencing, but not exempted from the sentence-appeal waiver).  We agree with the district court, and the other circuits that addressed the issue, that a knowing and voluntary waiver is valid and enforceable against claims based on subsequent changes in the law unless a provision in the plea agreement states otherwise.  See, e.g., United States v. Lockwood, 416 F.3d 604, 607-08 (7th Cir. 2005); United States v. Lockett, 406 F.3d 207, 213 (3d Cir. 2005); United States v. Blick, 408 F.3d 162, 170 (4th Cir. 2005); United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005); United States v. Bradley, 400 F.3d 459, 463 (6th Cir. 2005); United States v. Killgo, 397 F.3d 628, 629 n.2 (8th Cir. 2005).

We reject Masilotti's alternative argument, raised for the first time on appeal, that his claim falls outside the scope of the forfeiture waiver because the plea agreement mistakenly referenced 18 U.S.C. § 924(d)(1), which authorizes the forfeiture of firearms and ammunition, along with 28 U.S.C. § 2461, the general forfeiture statute.  In the district court, Masilotti "assume[d] without admitting" that the reference to § 924(d)(1) was a scrivener's error and that the parties

5

intended to reference 18 U.S.C. § 981(a)(1)(C), which authorizes the forfeiture of real and personal property traceable to the offense.  Masilotti then argued that, after Skilling, the assets were not "subject to forfeiture" within the meaning of 18 U.S.C. § 981(a)(1)(C).  Masilotti did not argue in the district court, as he does here, that he "agreed to forfeit only guns and ammunition," of which he had none.

Section 981(a)(1)(C) was the specific forfeiture statute cited in Masilotti's information and in the district court's preliminary and final forfeiture orders.  Furthermore, the plea agreement's list of assets subject to forfeiture consisted of real and personal property, not firearms or ammunition.  Under the circumstances, we readily conclude that the cite to § 924(d)(1) in the plea agreement is merely a scrivener's error and does not negate the express terms of the plea agreement that listed real and personal property.

For these reasons, the district court properly dismissed Masilotti's petition as barred by the forfeiture waiver in his plea agreement.

**AFFIRMED.**