[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10224

_____

D.C. Docket No. 1:13-cr-00229-ODE-JSA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL JIMENEZ-ANTUNEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 25, 2016)

Before WILLIAM PRYOR, BLACK, and PARKER,[*] Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

_____

* Honorable Barrington D. Parker, Jr., United States Circuit Judge for the Second Circuit, sitting
by designation.

This appeal presents a question of first impression in this Circuit: whether a criminal defendant must show good cause to dismiss retained counsel if the defendant intends to seek appointed counsel. Gabriel Jimenez-Antunez pleaded guilty to conspiracy to distribute methamphetamine and conspiracy to commit money laundering. Weeks before his sentencing hearing, Jimenez-Antunez sent a letter to his retained counsel expressing an intent to dismiss him. His retained counsel then moved to withdraw and stated that his client would request appointed counsel. The district court denied the motion on the ground that Jimenez-Antunez had been afforded effective assistance of counsel by his retained counsel. Because a criminal defendant need not show good cause to dismiss retained counsel, we vacate and remand for further proceedings.

## I. BACKGROUND

Gabriel Jimenez-Antunez was one of several drug distributors for a Mexican drug supplier known as "Chato." Couriers transported the drugs to the United States and delivered them to Jimenez-Antunez and other drug traffickers. Chato directed Jimenez-Antunez to deposit proceeds of the drug sales into several bank accounts. Agents of the Drug Enforcement Administration arrested Jimenez-Antunez on May 12, 2013, and a magistrate judge appointed a federal defender to represent him for his initial appearance. The magistrate judge later appointed a panel attorney under the Criminal Justice Act to represent Jimenez-Antunez. On

2

June 4, a federal grand jury indicted Jimenez-Antunez for conspiracy to distribute and possess with the intent to distribute 500 grams of methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A); possession of 500 grams of methamphetamine with intent to distribute, *id.* § 841(a)(1), 841(b)(1)(A); conspiracy to commit money laundering, 18 U.S.C. §§ 1956(a)(1)(B), 1956(h); and illegal reentry after deportation, 8 U.S.C. § 1326(a).

After the grand jury returned the indictment, Ash Joshi entered a notice of appearance as retained counsel for Jimenez-Antunez. With Joshi's assistance, Jimenez-Antunez negotiated a plea agreement with the government and pleaded guilty to the two conspiracy charges. On October 24, 2014, Jimenez-Antunez sent a letter to Joshi asking him to withdraw as counsel. He wrote, "I do not want your services anymore, and I do not want you to represent me anymore; so the Judge can appoint another counsel for me, and so the Judge may know my reasons and my motives why I am asking for this change." On November 3, 2014, Joshi moved to withdraw as defense counsel and stated, "Counsel anticipates that Defendant will request that an attorney be appointed to represent him." At the time, Jimenez-Antunez's sentencing hearing was scheduled for January 6, 2015.

Jimenez-Antunez's sentencing was rescheduled for December 16, 2014, and, at the start of that hearing, the district court reviewed Joshi's motion to withdraw. Joshi stated that he and Jimenez-Antunez had disagreements and that Jimenez-

3

Antunez felt that Joshi had coerced him into pleading guilty. Jimenez-Antunez stated that Joshi did not let him speak and did not explain certain matters to him. He felt that Joshi had threatened him by telling him that he would be sentenced to 30 years if he did not plead guilty. He stated that Joshi did not visit him often, that he hadn't visited him in six months, and that Joshi did not respond to his family. Joshi doubted that it had been six months since his last visit.

The district court stated that it suspected Jimenez-Antunez was disappointed with the guideline range calculated in the presentence investigation report. The district court stated that there was no evidence that Joshi had actually coerced Jimenez-Antunez into pleading guilty and that the judge who had conducted the plea hearing had informed Jimenez-Antunez of the nature of the proceedings. The district court reasoned that Joshi must have visited Jimenez-Antunez within the last six months because Joshi had stated that he had reviewed the presentence investigation report with Jimenez-Antunez and the report was prepared in September, three months before. The district court concluded that Joshi "ha[d] been afforded effective counsel" and denied the motion. The district court then held a sentencing hearing and sentenced Jimenez-Antunez to 300 months and 240 months of imprisonment to be served concurrently.

## II. STANDARD OF REVIEW

"We review the denial of a motion to withdraw as counsel for abuse of discretion." *Brown v. United States*, 720 F.3d 1316, 1325 (11th Cir. 2013). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *United States v. Toll*, 804 F.3d 1344, 1353 (11th Cir. 2015) (quoting *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216–17 (11th Cir. 2009)).

## III. DISCUSSION

Under the Sixth Amendment, "a defendant who does not require appointed counsel" enjoys both the right to effective assistance of counsel and the right "to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 147 (2006). "The right to select counsel of one's choice . . . has been regarded as the root meaning of the constitutional guarantee." *Id.* at 147–48. A defendant may substitute a retained or appointed counsel with retained counsel "regardless of the quality of the representation he received." *Id.* at 148. The right to counsel of choice is "not absolute" but "must bend before countervailing interests involving effective administration of the courts." *Birt v. Montgomery*, 725 F.2d 587, 593 (11th Cir. 1984) (en banc). A court must permit substitution if it does not interfere

5

with the "fair, orderly and effective administration of the courts." *United States v. Koblitz*, 803 F.2d 1523, 1528 (11th Cir. 1986). The denial of the right to counsel of choice is structural error. *Gonzalez-Lopez*, 548 U.S. at 150.

An indigent criminal defendant who seeks appointed counsel "does not have a right to have a particular lawyer represent him nor to demand a different appointed lawyer except for good cause." *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) (citation omitted). Good cause exists where there is "a fundamental problem, 'such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict.'" *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (en banc) (quoting *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973)). The exception for good cause protects the right to effective assistance of counsel; if good cause exists, a defendant no longer has effective representation. *See United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010).

This appeal requires that we decide which standard applies when a defendant moves to replace retained counsel with appointed counsel. And the order of that sequence supplies the answer. The right to choose counsel is incomplete if it does not include the right to discharge counsel that one no longer chooses.

A defendant exercises the right to counsel of choice when he moves to dismiss retained counsel, regardless of the type of counsel he wishes to engage

6

afterward. To be sure, when an indigent defendant has exercised the right to dispense with a retained lawyer, the right to effective representation—a right "derived . . . from the purpose of ensuring a fair trial," *Gonzalez-Lopez*, 548 U.S. at 147—might require that appointed counsel take his place. But that distinct right does not alter the right under the Sixth Amendment to hire *and fire* retained counsel. Because a defendant who moves to dismiss his retained counsel maintains the right to counsel of choice, a district court cannot require the defendant to show good cause.

We agree with those courts that have held that a defendant may discharge his retained counsel without regard to whether he will later request appointed counsel. In *United States v. Brown*, 785 F.3d 1337 (9th Cir. 2015), the Ninth Circuit stated that when a defendant wishes to discharge retained counsel and substitute appointed counsel, the right to counsel of one's choice is "implicate[d]." *Id.* at 1344 (quoting *Rivera-Corona*, 618 F.3d at 981). Even though the defendant was not "entitled to, or seeking, *counsel of choice*," "the Sixth Amendment right to counsel of choice means that a defendant has a right to '*fire* his retained . . . lawyer . . . for any reason or [for] no reason.'" *Id.* (alterations in original) (quoting *Rivera-Corona*, 618 F.3d at 980). Accordingly, the Ninth Circuit concluded that a defendant with retained counsel seeking to substitute appointed counsel has a "Sixth Amendment right to discharge his retained counsel." *Id.* It held that a

7

district court should grant a defendant's motion to discharge a retained counsel unless denying the motion is "compelled by 'purposes inherent in the fair, efficient and orderly administration of justice.'" *Id.* at 1347 (quoting *Rivera-Corona*, 618 F.3d at 979). The Court of Criminal Appeals of Oklahoma and the Supreme Court of California have also held that a defendant who seeks to discharge retained counsel and have the court appoint counsel may do so unless the substitution would delay court proceedings, prejudice the parties, or disrupt "the orderly process of justice." *Dixon v. Owens*, 865 P.2d 1250, 1252 (Okla. Crim. App. 1993); *accord People v. Ortiz*, 800 P.2d 547, 555 (Cal. 1990) (in bank). Several state intermediate courts have adopted similar approaches. *See People v. Abernathy*, 926 N.E.2d 435, 440–44 (Ill. App. Ct. 2010); *People v. Munsey*, 232 P.3d 113, 126–27 (Colo. App. 2009); *State v. Barber*, 206 P.3d 1223, 1234–36 (Utah Ct. App. 2009).

We reject the view of the First Circuit, which applied the standard of good cause in this circumstance. In *United States v. Mota-Santana*, 391 F.3d 42 (1st Cir. 2004), the First Circuit explained that a district court had taken "two actions" when it refused to allow the retained counsel to withdraw and it refused to appoint substitute counsel. *Id.* at 46–47. "Were the only issue that of the appropriateness of the court's refusal to permit withdrawal," the First Circuit reasoned, "there might be some question" because "a defendant is not ordinarily dependent on the court's

8

permission to replace retained counsel." *Id.* at 47. "But here," the court concluded, "the two actions merge." *Id.* The opinion of the First Circuit offers no additional reasoning and we are not persuaded that the only relevant action is the second request to engage new counsel or that the motion to dismiss retained counsel no longer implicates the right to counsel of choice. This decision conflates the two rights at issue, contrary to the later explanation by the Supreme Court of the United States in *Gonzalez-Lopez* that the rights are distinct. *See Gonzalez-Lopez*, 548 U.S. at 148.

To be sure, a district court reviewing a motion to dismiss counsel must know how the defendant wishes to proceed so that the defendant will not be left without representation in violation of the Sixth Amendment. "The Sixth Amendment withholds from federal courts, in all criminal proceedings, the power and authority to deprive an accused of his life or liberty unless he has or waives the assistance of counsel." *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938) (footnote omitted). So, before granting a motion to dismiss retained counsel, a district court must determine that the criminal defendant either will be represented by counsel or has made a knowing and voluntary waiver of the right to counsel. *Brown*, 785 F.3d at 1345; *see also United States v. Evans*, 478 F.3d 1332, 1340 (11th Cir. 2007). If a defendant intends to move the court to appoint counsel, the court should determine whether the defendant is eligible for appointed counsel. *See* 18 U.S.C. § 3006A.

9

Even when a district court is assured that a defendant will have representation or has waived the assistance of counsel, a court may still deny a motion to substitute retained counsel if it will interfere with the "fair, orderly, and effective administration of the courts." *Koblitz*, 803 F.2d at 1528. For example, a defendant may not substitute counsel to delay court proceedings. *See United States v. Silva*, 611 F.2d 78, 79 (5th Cir. 1980). Under this standard, a court reviewing a motion to dismiss retained counsel by a defendant who intends to request appointed counsel can prevent potential manipulation.

The district court applied the wrong standard when it denied Joshi's motion to withdraw as counsel. It assessed Joshi's performance. The district court stated that there was no evidence that Jimenez-Antunez was coerced and that Jimenez-Antunez "ha[d] been afforded effective counsel." The district court offered no reasons why granting the motion would have interfered with the fair, orderly, and effective administration of the courts, and we cannot necessarily infer any reasons from the record. Because the district court denied the motion by applying the wrong standard and we cannot say whether it would have denied the motion under the correct standard, the district court committed reversible error. Because we remand on this ground, we do not reach Jimenez-Antunez's argument that he was denied his right to due process of law when the court did not give him advance notice of the hearing on Joshi's motion to withdraw.

10

## IV. CONCLUSION

We **VACATE** and **REMAND** for further proceedings consistent with this opinion.