[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10702
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00268-SCJ-RGV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS ANTHONY BARNES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 30, 2018)

Before NEWSOM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Marcus Barnes appeals his convictions and sentences for distribution of cocaine in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B)(ii), possession of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).  On appeal, Barnes asserts that the district court violated his Sixth Amendment right to choose his own counsel when it denied his request for a continuance to substitute counsel the morning of his first day of trial.  After careful review, we affirm.

We review the denial of a request for a trial continuance for abuse of discretion.  *United States v. Bowe*, 221 F.3d 1183, 1189 (11th Cir. 2000).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1270 (11th Cir. 2016) (quoting *United States v. Toll*, 804 F.3d 1344, 1353 (11th Cir. 2015)).  We will only reverse a district court's decision under the abuse-of-discretion standard if there was clear error.  *United States v. Campbell*, 491 F.3d 1306, 1310 (11th Cir. 2007).  The denial of a criminal defendant's choice of counsel is a structural error that is not

subject to harmless error review.  *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148–50 (2006).

The Sixth Amendment guarantees a criminal defendant's right to select the counsel of his choice and includes a defendant's right to discharge retained counsel.  *Jimenez-Antunez*, 820 F.3d at 1270–71.  This right, however, is not absolute but "must bend before countervailing interests involving effective administration of the courts."  *Id.* at 1270 (quoting *Birt v. Montgomery*, 725 F.2d 587, 593 (11th Cir. 1984) (en banc)).  A court should allow a defendant to substitute counsel so long as the substitution does not interfere with the "fair, orderly, and effective administration of the courts."  *Id.* at 1270–71 (quoting *United State v. Koblitz*, 803 F.2d 1523, 1528 (11th Cir. 1986)).  Importantly, a district court has "wide latitude" in balancing a defendant's right to choose his own counsel "against the needs of fairness" and "the demands of its calendar."  *Gonzalez-Lopez*, 548 U.S. at 152.  We have identified six factors to consider when deciding whether the denial of a continuance to obtain substitute counsel violated a defendant's constitutional rights:

> (1) the length of the delay, (2) whether the counsel who becomes unavailable for trial has associates adequately prepared to try the case, (3) whether other continuances have been requested and granted, (4) the inconvenience to all involved in the trial, (5) whether the requested continuance is for a legitimate reason, and (6) any unique factors.

*Bowe*, 221 F.3d at 1190.

3

Here, the district court did not abuse its discretion when it denied Barnes's request for a continuance to substitute counsel. Barnes requested new counsel as the trial was set to begin—after the district court had previously granted six continuances and had specifically cautioned him (repeatedly) to use the last continuance (granted three weeks earlier) as an opportunity to obtain new counsel. Under the circumstances, the court—which had "wide latitude" to deny Barnes's request in order to balance "the needs of fairness" and to meet "the demands of its calendar"—did not abuse its discretion because granting the request would have disrupted the "fair, orderly, and effective administration" of the court. *Gonzalez-Lopez*, 548 U.S. at 152; *Jimenez-Antunez*, 820 F.3d at 1270–71.

Additionally, the *Bowe* factors weigh heavily against Barnes because (1) granting a continuance for Barnes to obtain a new attorney would have caused an unknown delay, (2) there was no other attorney prepared to try the case if Barnes discharged his retained counsel, (3) the court had already granted Barnes's six prior requests for continuances, (4) allowing the continuance would have greatly inconvenienced the government and its witnesses because they had already reorganized their schedules to attend the trial after agreeing to the immediately preceding continuance, (5) Barnes did not have a legitimate reason to request additional time to substitute counsel, as he was specifically instructed to use the last continuance to do just that, and (6) there are no other unique factors that would

4

tip the scale in Barnes's favor. *See Bowe*, 221 F.3d at 1190. Finally, Barnes's assertion that a denial of his right to choose his counsel automatically constitutes structural error is incorrect. That right, as we have explained, is not absolute but rather, in certain cases, "must bend before countervailing interests involving effective administration of the courts." *Jimenez-Antunez*, 820 F.3d at 1270. This is one of those cases. Accordingly, the district court did not abuse its discretion when it denied Barnes's request for a continuance to substitute counsel.

**AFFIRMED.**