[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13347
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cr-60041-BB-1


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

LUIS ALBERTO LARA SALOMON,

                                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 4, 2020)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Luis Salomon was convicted by a jury of making false statements with the intent to secure a passport, in violation of 18 U.S.C. § 1542; making a false statement and representation of material fact to a United States agency, in violation of 18 U.S.C. § 1001(a)(2); and making a false statement in an application for a passport, in violation of 18 U.S.C. § 1028A(a)(1).  In this appeal from those convictions, he argues that the district court erred by denying his motion to dismiss his trial counsel and his counsel's motion for admission pro hac vice of an out-of-state attorney.  Salomon also attempts to raise an ineffective-assistance-of-counsel claim against his trial attorney.  He concedes that the lack of a fully developed record precludes appellate review of this claim and that such a claim is typically brought on collateral review.  However, he asserts that we should remand to the district court to develop the record on this claim.  Otherwise, Salomon asserts, he is effectively denied an appeal as a matter of right on this claim by 28 U.S.C. § 2253(c)(1)(B)'s requirement that he obtain a certificate of appealability (COA) before appealing the denial of a § 2255 motion.  We conclude that the district court properly denied Salomon's motions and decline to consider his ineffective-assistance-of-counsel claim; thus, we affirm his convictions.

I.

Salomon retained Florida attorneys Ovide Val and Beresford Landers to represent him in district court.  Landers filed a motion to continue the first trial

date because he needed additional time to review discovery with Salomon.  The district court granted the continuance.  Val then filed a motion asking the district court to allow Isaac Wright, a New Jersey attorney, to appear pro hac vice and represent Salomon "for all purposes relating to the proceedings."  In the motion, Val left blank the space where the designated local attorney's name should appear, although he signed the signature line and included his Florida Bar number at the end of the motion.  The district court denied the pro hac vice motion because it failed to indicate the designated local counsel's name, as required by the Southern District of Florida's Local Rule 4(b).

Landers appeared on Salomon's behalf at the start of the jury trial.  Landers told the court Salomon had sent the court a letter stating that he did not want Landers or Val to represent him anymore and, instead, wanted a public defender. The court stated that it had not received the letter and asked Salomon if he still wanted to discharge his retained attorneys; Salomon affirmed.  Salomon initially stated, through an interpreter, that Landers had not spoken with him since the case was set for trial.  However, after Landers refuted this, Salomon stated that Landers had later met with him to discuss a plea, but the meeting had only lasted 15 minutes.  Landers stated that he had met with Salomon several times, reviewed discovery and discussed defenses with him, and was ready and willing to defend him at trial.  The district court stated that it did not find any conflicts and that it

3

believed Landers and disbelieved Salomon.  The case proceeded to trial, and the jury convicted Salomon on all counts.

Before sentencing, Salomon moved to discharge his attorneys and requested a public defender.  The district court held a hearing on the motion.  Wright appeared by telephone, but the court told him that, because it had denied the pro hac vice motion, he could not appear on Salomon's behalf.  Landers did not appear.  The court appointed a public defender to represent Salomon at sentencing and on appeal.  The court ultimately sentenced Salomon to 39 months' imprisonment.

## II.

If a district court conducts an inquiry into the merits of a defendant's motion for new counsel, then we review the district court's denial of that motion for an abuse of discretion.  *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997).  Typically, we also review for an abuse of discretion a district court's denial of a motion for admission pro hac vice if that motion was denied for procedural reasons or for conduct which occurred in the presence of the district court.  *See Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1558 (11th Cir. 1997).  However, the Sixth Amendment places certain limitations on a district court's discretion in a criminal case.  *United States v. Dinitz*, 538 F.2d 1214, 1223 (5th Cir.

4

1976).[1]  Thus, a district court may only deny a motion for admission pro hac vice on its merits if it first grants the attorney a hearing and gives him adequate notice and time to defend his misbehavior.  *In re Evans*, 524 F.2d 1004, 1008 (5th Cir. 1975).  We defer to a district court's credibility findings unless its "understanding of the facts appears to be unbelievable."  *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (internal quotation mark omitted).

The "essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."  *Wheat v. United States*, 486 U.S. 153, 159 (1988).  However, a defendant who is represented by retained counsel may substitute this counsel, or he may substitute appointed counsel for retained counsel, "regardless of the quality of the representation he received."  *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1270 (11th Cir. 2016).  Because a defendant may discharge his retained counsel without implicating his right to effective representation, a district court may not require that defendant to show "good cause" for dismissing his retained counsel.  *Id.* at 1271.  Whether that defendant will later request or require retained counsel also does not abridge the right to discharge his retained counsel.  *Id.*  Therefore, a court may

---

[1] *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on October 1, 1981 are binding precedent in the Eleventh Circuit.

5

refuse a defendant's request to substitute counsel only if that substitution would "interfere with the fair, orderly, and effective administration of the courts." *Id.* at 1272 (internal quotation mark omitted). "For example, a defendant may not substitute counsel to delay court proceedings." *Id.* In *Jimenez-Antunez*, we ultimately reversed the district court because it improperly required the defendant to show good cause; it offered no reasons why granting Jimenez-Antunez's motion would have disrupted the fair, orderly, and effective administration of the courts; and this Court could not "necessarily infer any reasons from the record." *Id.* at 1272–73.

A district court has "wide latitude" to balance a defendant's right to choose his own counsel "against the needs of fairness" and "the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006). We have held that there are six factors to consider when a district court is deciding whether to continue trial to allow a defendant to obtain substitute counsel: "(1) the length of the delay, (2) whether the counsel who becomes unavailable for trial has associates adequately prepared to try the case, (3) whether other continuances have been requested and granted, (4) the inconvenience to all involved in the trial, (5) whether the requested continuance is for a legitimate reason, and (6) any unique factors." *United States v. Bowe*, 221 F.3d 1183, 1190 (11th Cir. 2000).

6

Additionally, we "give[] great deference to a district court's interpretation of its local rules." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1026 n.9 (11th Cir. 2005) (quotation marks omitted). The Southern District of Florida's Local Rule 4(b), governing pro hac vice appearances, states that a motion for admission pro hac vice "shall designate at least one member of the bar of [Florida] . . . with whom the [c]ourt . . . may readily communicate." S.D. Fla. L.R. 4(b)(3).

Here, the district court did not abuse its discretion when it denied Salomon's motion to discharge his retained counsel because inferences drawn from the record demonstrate that granting Salomon's motion would have disrupted the fair, orderly, and effective administration of the courts. *See Jimenez-Antunez*, 820 F.3d at 1272–73. Specifically, Salomon's motion was presented at the start of trial and after the district court had already granted one continuance. Thus, the district court could reasonably infer that Salomon's request was made with a dilatory motive. Furthermore, the district court did not abuse its discretion when it denied Salomon's counsel's motion for admission pro hac vice because counsel failed to state the designated local attorney's name, as required by the Southern District of Florida's local rule, and never refiled the motion in compliance with those rules. *See Ochoa-Vasquez*, 428 F.3d at 1026 n.9. Therefore, we affirm the district court's denial of Salomon's motion to dismiss counsel and counsel's motion for admission pro hac vice.

7

III.

Generally, we will not consider ineffective-assistance-of-counsel claims on direct appeal "where the district court did not entertain the claim nor develop a factual record." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010). Instead, the preferred method for raising an ineffective-assistance claim is through a § 2255 motion. *Id.* A movant may not appeal the results of his § 2255 motion unless this Court or the district court grants a COA. 28 U.S.C. § 2253(c)(1)(B).

We will not consider Salomon's ineffective-assistance-of-counsel claim on direct appeal because, as he concedes, the factual record concerning his claim is not fully developed. *See Patterson*, 595 F.3d at 1328. Further, there is no injury that we can redress regarding Salomon's argument that § 2253's COA requirement is unconstitutional as he has yet to file a § 2255 motion and, therefore, he is not yet subject to the limitations of the COA requirement.

**AFFIRMED.**

8