[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12013
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00259-WS-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE WITHERS ROGERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 25, 2021)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Bruce Withers Rogers appeals his sentence, arguing the district court erred

in denying his request for new counsel at sentencing.  The government says we

should dismiss his appeal because Rogers's waiver of his right to appeal bars his

claim here.  Even though Rogers's claim falls within one of the enumerated exceptions to his appeal waiver, we nevertheless conclude the district court did not abuse its discretion in denying Rogers's request for a different lawyer.  We therefore affirm his sentence on that basis.

## I

A federal grand jury issued a three-count indictment for Rogers, charging him with possession of cocaine base with intent to distribute, possession of a firearm as a felon, and possession of a firearm during and in relation to a drug trafficking crime.  Latisha Colvin was appointed to represent Rogers.  Rogers then entered into a plea agreement, by which he agreed to plead guilty to only the third count.  As part of that agreement, Rogers waived his right to file any direct appeal other than to challenge a sentence above the statutory maximum; to challenge a sentence above the advisory guideline range; and to assert a claim of ineffective assistance of counsel.  On December 17, 2019, Rogers pled guilty to possessing a firearm during and in relation to a drug trafficking crime.

On May 10, 2020, a few days before his sentencing hearing, Rogers wrote a letter to the district court requesting a different lawyer.  Rogers told the district court that Colvin had visited him only once and that when he called her or was in court, she spoke over him or told him to be quiet.  He also wrote that he felt pressured to plead guilty because she made it feel like this was his only choice.

2

Rogers said he believed that Colvin, as a woman, was biased against him because he had domestic violence charges on his record.

At sentencing on May 19, 2020, Rogers repeated his request for a different lawyer. The district court thoroughly questioned Rogers and Colvin about Rogers's concerns and provided both the opportunity to speak. Rogers doubted whether Colvin was working in his best interest and said Colvin didn't take the time to go through the case with him. Rogers again said he thought Colvin was judging him based on his background. In response, Colvin told the district court that she had "no problem communicating" with Rogers in person or by phone about his case. She also noted that she was able to look into and prepare his case and obtain a plea offer that Rogers "quickly accepted." The district court denied Rogers's request. The district court noted that Rogers could have raised his concerns at the time of his plea and found that Rogers received good representation from Colvin. The district court then sentenced Rogers to the mandatory minimum of 60 months' imprisonment. This is Rogers's appeal.[1]

## II

Rogers argues that his Sixth Amendment right to counsel was violated when the district court denied his request for a different lawyer after a conflict arose

---

[1] The district court later granted Colvin's motion to withdraw and appointed separate counsel for Rogers's appeal.

between him and Colvin.  Rogers believes the court's decision left him without effective representation at sentencing.  Rogers thus asks us to vacate his sentence and to remand the case for appointment of a different lawyer.  The government asks us to dismiss Rogers's appeal because, according to the government, he waived his right to appeal and his claim on appeal does not fall within the exceptions to that waiver.  We reject the government's assertion regarding the appeal waiver.  Nevertheless, because the district court did not abuse its discretion in denying Rogers's request for a different lawyer, we affirm his sentence.

A

A valid appeal waiver prevents a defendant from appealing issues that fall within the waiver's scope.  United States v. Hardman, 778 F.3d 896, 899 (11th Cir. 2014).  Rogers does not argue that his appeal waiver was invalid.  Therefore, we need only decide whether his claim falls within one of the exceptions to the appeal waiver, thereby allowing his appeal to proceed.  We consider that question de novo.  See id. at 899–903 (applying de novo review to determine whether a defendant's appeal waiver barred his appeal); see also United States v. Masilotti, 565 F. App'x 837, 838 n.1 (11th Cir. 2014) (per curiam) (unpublished) ("We review de novo the scope of an appeal waiver.").

As set out above, Rogers waived his right to appeal, subject to three exceptions.  One of the exceptions allows Rogers to bring a claim for ineffective

assistance of counsel.  In this appeal, Rogers challenges the district court's

decision not to appoint a different lawyer despite his conflict with Colvin.  Our

precedent allows a defendant with appointed counsel to demand a different lawyer

only when there is good cause.  United States v. Jimenez-Antunez, 820 F.3d 1267,

1271 (11th Cir. 2016).  Good cause exists when there is a "fundamental problem,"

such as "a conflict of interest, a complete breakdown in communication or an

irreconcilable conflict which leads to an apparently unjust verdict."  Id. (quotation

marks omitted).  Importantly, the good cause rule "protects the right to effective

assistance of counsel; if good cause exists, a defendant no longer has effective

representation."  Id. (emphasis added).  Rogers says he had good cause because

there was conflict between him and Colvin.  In his view, this conflict meant the

district court's failure to appoint a different lawyer left him without effective

assistance of counsel at his sentencing.  Rogers's claim on appeal thus necessarily

implicates his right to effective assistance of counsel.  We therefore conclude that

his claim falls within the exception to his appeal waiver for claims of ineffective

assistance.

B

Thus, we turn to the merits of Rogers's claim.  We review a district court's

decision on a defendant's request for a different lawyer for abuse of discretion

when, as here, the district court inquired into the request.  United States v.

5

Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997).  In our review, we usually

consider (1) the timeliness of the request, (2) the adequacy of the court's inquiry

into the merits of the request, and (3) "whether the conflict was so great that it

resulted in a total lack of communication between the defendant and his counsel

thereby preventing an adequate defense."  Id.  In addition, the defendant must

demonstrate that he was prejudiced by his appointed counsel's representation.  Id.

Beginning with the first factor, we do not view Rogers's request for a

different lawyer as timely.  Rogers says his conflict with Colvin arose around the

time he pled guilty, but he did not request a different lawyer until five months after

his plea.  Indeed, Rogers's request for new counsel came just days before his

sentence hearing.  As to the second factor, the district court adequately inquired

into Rogers's request.  At the sentence hearing, the district court thoroughly

questioned both Rogers and Colvin about Rogers's concerns.  With respect to the

third factor, we recognize that Rogers asserted his conflict with Colvin caused

some breakdown in communication, in that Colvin would speak over him or tell

him to be quiet.  But this record does not show such a lack of communication that

Rogers was not provided an adequate defense.  Colvin told the district court that

she was able to communicate with Rogers about his case both in person and by

phone.  Rogers acknowledges that Colvin did communicate with him.  Beyond

that, Colvin said she was able to look into and prepare Rogers's case.  On this

record, the district court did not abuse its discretion in denying Rogers's request

for a different lawyer.[2]

       **AFFIRMED.**

---

[2] Our decision is limited to two holdings. First, Rogers's appeal is not barred by his appeal waiver because his claim necessarily implicates his right to effective assistance of counsel. Second, the district court did not abuse its discretion in denying Rogers's request for a different lawyer. We do not decide the question of whether Rogers received ineffective assistance of counsel.

      Ordinarily, "[o]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotation marks omitted). But because we do not decide whether Rogers received ineffective assistance of counsel, our holdings do not prevent Rogers from raising an ineffective assistance claim in a collateral attack. We take no position on the merits of that claim should Rogers decide to pursue it.