[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14473

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:19-cr-00058-LAG-TQL-27

_____

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Craig Clark appeals following his "blind" guilty plea to his charges, after the district court rejected the negotiated plea agreement that he and the government wished to enter. After a thorough review of the record and briefs, we vacate and remand.

## I.

In November 2019, a grand jury indicted Clark for conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (D) and 846 (Count 1), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (Count 32). The grand jury indicted 32 codefendants, including Clark.

After some back and forth with the government, Clark entered into a plea agreement and signed the agreement on August 18, 2020. The plea agreement included an appeal waiver, which stipulated that:

> any right to appeal the imposition of sentence[,] . . . including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds that advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the

event that the District Court imposes a sentence in excess of the statutory maximum.

The agreement further specified that Clark would be released from his waiver if the government appealed his sentence, but he otherwise waived any right to (1) move to modify his sentence, except in the event of an applicable retroactive amendment to the Sentencing Guidelines, or (2) collaterally attack his conviction and sentence, except for a claim of ineffective assistance of counsel or a claim under 28 U.S.C. § 2241.

The agreement also stated that Clark would provide truthful testimony about his and others' involvement in the charges in the indictment and "any and all criminal violations" about which he had information. In exchange, the government agreed to accept the guilty plea "in full satisfaction of all possible federal criminal charges" that it knew of at the time. In exchange for accepting responsibility, the government would recommend a downward adjustment. Also, if Clark cooperated truthfully, the government would let the sentencing court know and possibly move for recommending a departure below the Guidelines range under U.S.S.G. § 5K1.1 or, if the cooperation was completed later, it would consider whether the assistance warranted a motion to reduce his sentence within one year of sentencing. The government also agreed that any self-incriminating information that it did not previously know, and that Clark provided in connection with his cooperation, would not be used in determining his Guidelines range. It also agreed not to bring additional charges based on previously

unknown information provided by Clark, other than any relating to violent criminal activity.

On September 18, 2020, the courtroom deputy notified the parties that the district court would reject the plea agreement. The notice stated that the proposed appeal waiver's statement that Clark waived an appeal of a sentence within the Guidelines range as that range was calculated by the district court had "the potential of leading to a result that [was] inconsistent with the interests of justice and conflict[ed] with consistency in sentencing." Both parties moved separately to schedule a change of plea hearing, arguing against the district court's rejection of the plea agreement.

At the change of plea hearing, the district court rejected Clark's plea agreement. It explained to Clark that, although it was not a party to the agreement, the law required it to consider the plea agreement and decide whether to accept it. The district court stated that, regarding the waiver of an appeal of a sentence that the district court imposed outside the Guidelines range as the district court calculated that range, the Eleventh Circuit had "recently held that a waiver containing the language . . . bars review of even clearly erroneous guidelines calculations." It then found that the appeal waiver would bar the Eleventh Circuit's review of its Guidelines calculations, even if those calculations were clearly erroneous, so the agreement would "not ensure that the main objectives of the sentencing guidelines, namely, consistency and certainty in sentencing, [were] upheld." Rather, the district court found that the agreement "would undermine the main objectives of the

sentencing guidelines" and "could lead to a result that is inconsistent with the interests of justice and in conflict with consistency in sentencing."

In response, Clark stated that he would enter a "blind" plea to both Counts 1 and 32, but he objected to the rejection of the plea agreement and agreed with the government that he stood to benefit from it. After completing the plea colloquy, Clark pleaded guilty, without a plea agreement to Counts 1 and 32, which the district court accepted.

His presentence investigation report found his Guidelines range of 235 to 293 months' imprisonment. At the sentencing hearing, the district court sua sponte granted Clark a 2-level decrease in his offense level for pleading guilty during the trial moratorium, resulting in a new Guidelines range of 185 to 235 months' imprisonment. Citing the need to avoid unwarranted sentencing disparities, it imposed a downward variance and sentenced him to 180 months' imprisonment for Counts 1 and 32, to run concurrently, followed by 5 years on supervised release. Clark timely appealed.

## II.

We review the district court's rejection of a plea agreement for abuse of discretion. *United States v. Gomez-Gomez*, 822 F.2d 1008, 1010 (11th Cir. 1987). Under this standard, we give the district court's decision, after satisfying its obligations under Federal Rule of Criminal Procedure 11, "utmost deference" because "[i]t is far better for a court to err on the side of rejecting a valid guilty

plea than to violate a defendant's constitutional rights by entering judgment on a defective plea." *Id.* at 1011. In the criminal context, when determining whether the district court abused its discretion, we have stated that we will affirm the district court's judgment unless it acted arbitrarily or unreasonably. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (per curiam).

Both Clark and the government argue that the district court abused its discretion in rejecting the plea agreement. They argue that the district court's stated reasons for rejecting his plea agreement (1) reflect a misunderstanding of our decision in *United States v. Boyd*, 975 F.3d 1185 (11th Cir. 2020), and (2) are contradicted by its acceptance of his codefendants' pleas with identical appeal waivers.[1] We will address each argument in turn.

First, we agree with Clark and the government that the district court rejected Clark's plea agreement on a misunderstanding of our decision in *Boyd*. Our decision in *Boyd* did not make any major change in how this court reviews appeal waivers since our decision in *United States v. Howle*, 166 F.3d 1166 (11th Cir. 1999).

---

[1] Because we find that the district court abused its discretion by misconstruing our decision in *Boyd* and acting arbitrarily in accepting plea agreements with identical language for other codefendants, we need not address (1) whether it was inappropriate for the district court to reject the plea agreement because it was a "charge bargain" under which the government agreed to dismiss at least one charge or (2) whether the district court improperly interfered with a prosecutorial function and involved itself in the negotiations process.

21-14473                Opinion of the Court                7

Instead, our decision in *Boyd* is an application of the principle announced in *Howle*.

In *Howle*, we declined to review the defendant's preserved arguments about the Sentencing Guidelines because he entered an otherwise enforceable appeal waiver that waived his right to attack his sentence. *Id.* at 1167, 1169. We acknowledged that "[w]hile it may appear unjust to allow criminal defendants to bargain away meritorious appeals, such is the necessary consequence of a system in which the right to appeal may be freely traded." *Id.* at 1169. But we have also explained that a sentence appeal waiver "is not an absolute bar to appellate review" and review may be available, despite a valid appeal waiver, when the defendant was "sentenced entirely at the whim of the district court," above the statutory maximum, or based on a constitutionally impermissible factor. *United States v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008) (internal quotation marks omitted).

In *Boyd*, we held that a plea agreement, which barred review unless the sentence "exceed[ed] the advisory guideline range," unambiguously barred review of the district court's Guidelines calculations, so we declined to consider the defendant's arguments about those calculations. 975 F.3d at 1190–91. We also noted that we had stated that an appeal waiver may waive "the right to appeal difficult or debatable legal issues or even blatant error." *Id.* at 1191 n.5 (quoting *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005)). To that end, we also noted that sentence appeal waivers benefit both the government and the

defendant because such a waiver "is another chip the defendant can bring to the bargaining table and trade for additional concessions from the government." *Id.* (quoting *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997)).

We continued to reaffirm our holding in *Howle* before and after we reiterated and applied it in *Boyd*. *See, e.g.*, *King v. United States*, 41 F.4th 1363, 1367 (11th Cir. 2022); *Johnson*, 541 F.3d at 1068–69.[2] Thus, the district court abused its discretion when it unreasonably erred in finding that *Boyd* changed our caselaw for reviewing appeal waivers.

Second, we agree with Clark and the government that the district court acted arbitrarily in accepting plea agreements from other codefendants with identical language that the district court stated was the reason for rejecting Clark's plea agreement.[3]

---

[2] We also applied the holding in *Howle* in many unpublished opinions. *See, e.g.*, *United States v. Jamison*, 850 F. App'x 696, 698 (11th Cir. 2021) (per curiam); *United States v. Masilotti*, 565 F. App'x 837, 839–40 (11th Cir. 2014) (per curiam); *United State v. Holland*, 214 F. App'x 957, 958–59 (11th Cir. 2007) (per curiam).

[3] There were two codefendants who pleaded guilty in August 2020, which was at the same time as Clark's original change of plea hearing. Those codefendants had the same appeal waiver as Clark. But because the district court accepted those codefendants' pleas before the issuance of *Boyd*, those analogies are not relevant to the inquiry here. Rather, we focus on the district court's conduct after *Boyd* and after Clark's guilty plea in September 2020.

For example, on August 11, 2021, one of Clark's codefendants, Kayla Lockett, entered a plea agreement with the government, which provided, in relevant part, that she waived "any right to appeal the imposition of sentence[,] . . . except in the event that the District Court impose[d] a sentence that exceed[ed] the advisory guideline range as that range ha[d] been calculated by the District Court" or if she was sentenced over the statutory maximum. At Lockett's change of plea hearing on the same day, the district court explained her appeal waiver, specifying that Lockett could not appeal her sentence even if the district court "ma[d]e a mistake" or clearly erred. At the end of the hearing, Lockett pleaded guilty, and the district court accepted Lockett's plea.

From June 2021 through June 2022, after our decision in *Boyd*, this same scenario occurred multiple times, with many of Clark's codefendants entering plea agreements with the same appeal waiver as Clark's. Unlike Clark, the district court accepted each codefendants' plea agreement. Thus, the district court arbitrarily accepted the appeal waiver for multiple codefendants in this case. The district court provided no explanation for why Clark's appeal waiver was denied while his codefendants' waivers were accepted. This arbitrary treatment of Clark's waiver amounted to an abuse of discretion.

Lastly, we find that the district court's rejection of the plea agreement prejudiced Clark. Without the plea agreement, Clark could not obligate the government to consider recommending a sentence below the statutory minimum or hold the government to

its original agreement not to press additional charges based on conduct within the same conspiracy. Because of these losses, the district court's rejection of the plea agreement prejudiced Clark.

## III.

The district court abused its discretion and arbitrarily rejected Clark's plea agreement by finding that *Boyd* marked a significant change in our review of appeal waivers. Further, the district court abused its discretion by arbitrarily rejecting Clark's plea agreement while accepting his codefendants' post-*Boyd* agreements that contained identical appeal waivers. Lastly, the district court's rejection of Clark's plea agreement prejudiced him. Accordingly, we vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**